[No. 6352. Decided December 7, 1906.]

JOHN A. JUMP, *Respondent*, v. THE NORTH BRITISH & MERCANTILE INSURANCE COMPANY OF LONDON AND EDINBURGH, *Appellant*.[1]

INSURANCE—LOSS BY FIRE—CONVEYANCE OF INSURED PROPERTY—PURCHASE-MONEY MORTGAGE BY VENDEE—CONDITIONS AND PROVISIONS OF POLICY—CONSTRUCTION. A policy of fire insurance providing that any change in interest title or possession of the property insured shall work a forfeiture, unless agreed to, is rendered void by an absolute sale of the property, with a purchase-money mortgage back to the insured to secure part of the price, without notice to the company; since the terms of the policy are unambiguous, and the mortgage back was a mere security retaining no title in the insured.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered April 28, 1906, upon findings in favor of plaintiff, after a trial on the merits before the court without a jury, in an action on a fire insurance policy. Reversed.

*Harold Preston*, for appellant.

*Hartnett & Sheller*, for respondent.

[1]Reported in 87 Pac. 928.

Rudkin, J.—On the 18th day of February, 1904, the defendant company issued its policy of insurance to one Polly P. Belrood, whereby it insured a certain one and one-half story frame building in the sum of $600 for a period of three years against loss or damage by fire. The policy contained the following provision, among others:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . . if any change, other than by death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured or otherwise . . . ."

On the 1st day of April, 1905, the plaintiff purchased and became the rightful owner of the property described in the policy, and on the same date an agreement continuing the insurance in his favor was added thereto. On the 9th day of April, 1905, the plaintiff conveyed the premises described in the policy to one Frank B. Thacker by good and sufficient deed, and on the same date Thacker executed and delivered to the plaintiff a purchase-money mortgage on the property in the sum of $700. Whether or not this was the entire purchase price does not appear. Neither the defendant nor any of its agents had notice or knowledge of the transfer from the plaintiff to Thacker, or of the mortgage from Thacker to the plaintiff, until after the destruction of the premises by fire, and consent to such transfer was never endorsed on or appended to the policy. On the 9th day of August, 1905, the building described in the policy was destroyed by fire. On the 23d day of August, 1905, Thacker assigned to the plaintiff any interest he might have in the policy and the latter demanded payment of the amount of the policy from the insurance company, but payment was refused. The court found, in addition to the foregoing facts, that the plaintiff and Thacker were ranchers having no experience in

matters appertaining to insurance, and that at the time of the transfer to Thacker the plaintiff supposed that the policy was enforcible in his favor as mortgagee, in the event of loss. It was further stipulated by the parties that the plaintiff acted in good faith and without fraud in all matters relating to the insurance. On the foregoing facts the court below entered a judgment in favor of the plaintiff for the full amount of the policy, and the defendant appeals therefrom.

The only question presented on the appeal is whether the policy was avoided by the transfer from the respondent to Thacker, without the consent of the appellant company endorsed on or added to the policy. Policies of insurance are rightfully construed most strongly against the insurance companies under whose supervision they are prepared and executed, and if they contain contradictory provisions, some of which will work a forfeiture and others not, the latter will control. But while policies are construed strictly against the insurer, and while forfeitures are not favored in law, yet courts cannot make new contracts for parties nor grant relief where a forfeiture has accrued under the plain and unambiguous terms of the contract. As said by the court in *Imperial Fire Ins. Co. v. Coos County*, 151 U. S. 452, 14 Sup. Ct. 379, 38 L. Ed. 231,

"The rule is well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous their terms are to be taken and understood in their plain, ordinary and popular sense."

An insurance company has the right to determine for itself whom it will insure and what interest it will insure, and to provide that any change in such interest without its consent will work a forfeiture of the policy. The policy before us provides in plain and unmistakable terms that any change in *interest, title or possession* of the subject-matter of insurance shall avoid the policy, unless otherwise provided by agreement

endorsed thereon or added thereto.  Has this provision been violated; or in other words, does an absolute conveyance of the subject of the insurance with a mortgage back to secure the purchase money in whole or in part work a change in interest, title or possession?  A mortgage under our law is a mere lien or security for the payment of money and does not convey any title to the mortgagee.  *Dane v. Daniel,* 23 Wash. 379, 63 Pac. 268.  There has therefore been an entire change of interest and title.  A fee simple title has been converted into a mere lien and the respondent is no longer the owner of the property at law or in equity.  As said by the Court of Appeals of New York in a similar case:

"The insurers and insured may agree upon the terms of the contract and make its validity or continuance depend upon any terms and conditions, lawful in themselves, which they may deem reasonable or proper ; and whether reasonable or unreasonable is for them, not for the courts, to determine.  The title of the insured to the property at risk, and the measure and extent of his interest is, in the nature of things, a material subject of inquiry in the making of the contract.  The insurers have a right to know to what extent the insured has the ability to protect or interest in protecting the property against the perils insured against, and whether other parties have insurable interests which may enable those interested to secure, in the aggregate, insurances in excess of the value of the property.  The insurers certainly had the right to treat any change or alteration either of title or possession as material, and provide that such alteration or change should avoid the policy; and if the assured assented to the contract with this condition and limitation, effect must be given to the condition according to its terms. (*Davenport v. New England Ins. Co.,* 6 Cush. 340; *Edmands v. Mutual Safety F. Ins. Co.,* 1 Allen 311.)  As well the insured as the insurers are interested in the faithful observance of the conditions of the contract.  The premium demanded is essentially regulated by the conditions of the contract and the risk assumed, and if conditions deemed material by the insurers are disregarded by the insured or nullified by the courts, the insurers will be made to suffer in the increased

cost of insurance, as all will be made to pay for absolute and extreme risks." . . .

"While the interests of the owner in fee and the mortgagee are both insurable, and each may have independent insurances, each covering his own interest, the interests are entirely distinct, and the rights and obligations of the parties to the contract different. Had the plaintiff been insured as mortgagee, the insurer, upon payment of a loss, would be entitled to be subrogated to the rights of the mortgagee against the mortgagor. The distinction between an issue based on a denial of an insurable interest, and the question whether there had been an alienation or change of title, was recognized in *Orrell v. Hampden F. Ins. Co.* (13 Gray. 431). A change of title valid as between the parties was treated as a breach of the condition, but there no alienation was proved. A mortgage is not an alienation of the property mortgaged; but when the condition of the policy was that 'all alienations and alterations in the ownership,' etc., of the property should make void the policy, a mortgage was held to be an alteration of the ownership and to make void the insurance. (*Edmands v. Mut. Safety F. Ins. Co.*, 1 Allen 311.) The court thought it material to the insurers to know who had title to or interest in the property insured. The question was directly before this court in *Springfield F. & M. Ins. Co. v. Allen* (43 N. Y., 389), and it was there held without dissent, following the current of authority, and giving the policy a fair and reasonable interpretation that, the policy providing it should be void upon 'any change of title in the property insured,' it became void by a transfer of the premises by the owner although the interest of the assured, a mortgagee, was not changed subsequent to the date of the policy. When the insurance was to the owner of the property, loss, if any, payable to a mortgagee, with a similar condition as in this case, an alienation of the property by the mortgagor was adjudged to make void the policy. (*Grosvenor v. Atlantic F. Ins. Co. of Brooklyn*, 17 N. Y. 391.)

"The condition is not capable of two readings, and the courts have no right under the pretense of interpretation to nullify a material provision inserted for the reasonable protection of the insurers, and thus exercise a dispensing power in favor of the insured. It cannot be said that a

conveyance of the fee, and the taking back a mortgage for the purchase-money, is not as well a sale or transfer as a change of title.   It is sufficient, to put an end to the policy, that there has been a change in the title; and no one can say that a conveyance of the fee, and substituting the interest of a mortgagee in the insured, is not a substantial change in the title.   But the sale or transfer of the property was complete and absolute, and the retaining a lien for the purchase-money, either in the form of a mortgage or otherwise, did not change the character or effect of the conveyance.   The fact that, to preserve equities and exclude liens which might otherwise defeat purchase-money liens, courts regard a deed of conveyance and purchase-money mortgage as simultaneous, and the rights of the parties as if the title to the amount of the mortgage interest had never passed out of the *grantor*, do not aid in construing this contract, or tend to establish the claim of the respondent that there has been no transfer of the property." *Savage v. Howard Insurance Co.*, 52 N. Y. 502, 11 Am. Rep. 741.

See, also, *Northern Assurance Co. v. City Savings Bank*, 18 Tex. Civ. App. 721, 45 S. W. 737; *Farmers' Ins. Co. v. Archer*, 36 Ohio St. 608; 13 Am. & Eng. Ency. Law (2d ed.), 241-244, and cases cited.

Cases holding that a conveyance and mortgage back do not work a forfeiture of a contract of insurance will be found in general to be based upon different provisions in the policy under consideration, or from jurisdictions where a mortgage is held to be a conveyance leaving no interest in the mortgagor except a mere right of redemption.   We are therefore of opinion that the policy in suit was avoided by a change of title and interest in the subject of insurance, and the judgment is accordingly reversed, with directions to dismiss the action.

Mount, C. J., Fullerton, Hadley, Root, Dunbar, and Crow, JJ., concur.