[No. 7388. Decided September 15, 1908.]

JOHN RICE, *Appellant*, v. THE HARTFORD INSURANCE COMPANY, *Respondent*.[1]

INSURANCE—CONDITIONS—BREACH — PROCURING OTHER INSURANCE. A policy of fire insurance providing that it shall be void if the insured procures any other insurance on the property is void where the insured subsequently procures additional insurance, although innocently and in ignorance of the conditions of the policy, which he left in the hands of the agent for safe keeping and never saw.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered November 18, 1907, in favor of the defendant, on motion for judgment on the pleadings, dismissing an action upon a policy of fire insurance. Affirmed.

*Howard Seabury* and *Smith & Brawley*, for appellant.

*Granger & Magill*, for respondent.

FULLERTON, J.—The respondent, on December 21, 1905, issued its policy of insurance to the appellant, whereby it insured the appellant's dwelling house and the furniture therein in the sum of $350 against loss by fire for a period of three years. The policy contained the following clause:

"This entire policy, unless otherwise provided by agreement indorsed herein or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The policy was procured by the appellant through an agent of the respondent company residing at the appellant's

[1]Reported in 97 Pac. 238.

home town, and when written was left with the agent for safe keeping. The appellant did not examine the policy after its issuance, and had no actual knowledge that it contained the clause above cited. The arrangement for safe keeping the policy, however, was between the agent individually and appellant, and it could have been seen by the appellant at any time had he so desired. On May 15, 1906, the appellant, being still in ignorance of this condition of the policy, and in ignorance of any custom of insurance companies to place such a clause in their policies, applied orally for, and obtained insurance in the sum of $500 from another insurance company on the property described in the policy in suit. Thereafter the dwelling house and its contents were totally destroyed by fire, without fault on the part of the appellant, resulting in a loss to him far in excess of the amount of the insurance in both of the policies. This action was brought to recover upon the insurance policy first mentioned. The trial court held, on the foregoing facts appearing, that the policy was void, and entered judgment dismissing the action.

The only question presented on this appeal is whether the policy was avoided by the fact that the respondent procured additional insurance without the consent of the appellant indorsed on or added to the policy. The appellant concedes that the great weight, if not the entire current of authority in other jurisdictions, is against him, but he argues that this court has adopted a more liberal rule of construction with reference to insurance contracts than that generally maintained, and that the spirit of the cases from this court, although not directly in point, permit a recovery in this case. The cases referred to are, *Hart v. Niagara Fire Ins. Co.*, 9 Wash. 620, 38 Pac. 213, 27 L. R. A. 86; *Dooly v. Hanover Fire Ins. Co.*, 16 Wash. 155, 47 Pac. 507, 58 Am. St. 26; *Pioneer Sav. & Loan Co. v. Providence Wash. Ins. Co.*, 17 Wash. 175, 49 Pac. 231, 38 L. R. A. 397; and *Neher v. Western Assurance Co.*, 40 Wash. 157, 82 Pac. 186.

But these cases, an examination of them will disclose, are cases in which the insurance companies accepted the premiums paid by the applicant and then, without notice to him, issued a policy void in its inception, if the terms of the policy delivered were to be given force and effect. The applicant not only got nothing for the premium paid, but the act of the company tended to deceive him and mislead him into the belief that he had insurance upon his property, when in fact he had none. The court did not hold that the insurance company could not make valid conditions such as were there held not binding upon the insured. It was the manner in which they were made that led the court to repudiate them, not any inherent vice in the conditions themselves.

But in this case there was no deceit, fraud, or misrepresentation of any kind. The policy attached at the time of its issuance, and would have remained a valid obligation of the company had the appellant not violated its conditions. It is true, he violated the conditions of the policy innocently and in ignorance of them, but his ignorance was his own fault, and was not in any manner induced by the action of the insurance company. These considerations bring the case within the rule of *Jump v. North British etc. Ins. Co.*, 44 Wash. 596, 87 Pac. 928, rather than the rule of the cases above cited.

The judgment is affirmed.

HADLEY, C. J., MOUNT, and ROOT, JJ., concur.