[No. 16701. Department One.    January 26, 1922.]

O. A. MENGER *et al.*, *Appellants,* v. INLAND EMPIRE
FARMERS' MUTUAL FIRE INSURANCE
COMPANY, *Respondent.*[1]

INSURANCE (91) — FIRE INSURANCE — FORFEITURE OF POLICY —
CHANGE OF TITLE OR INTEREST. A policy of fire insurance is avoided
by a sale of the property without the consent of the insurance com-
pany, where consent of the company is imposed in the policy as
a condition to the continuance of insurance upon a transfer of the
property.

SAME (35, 91) — CONTRACTS (41) — VALIDITY — PUBLIC POLICY. A
contract of fire insurance making it invalid upon a transfer of the
property insured, unless the consent of the company be indorsed
upon the policy, is not void as against public policy.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered March 29, 1921,
upon sustaining a demurrer to the complaint, dis-
missing an action on a fire insurance policy.    Affirmed.

*R. L. Edmiston,* for appellants.
*Charles P. Lund,* for respondent.

MITCHELL, J.—From a judgment of dismissal, upon
the plaintiffs electing to stand upon their complaint
after a general demurrer to it had been sustained, the
plaintiffs have appealed.

The suit is on a policy of insurance issued by the
respondent to J. E. Balmer prior to August 15, 1918,
and which was still outstanding at the date of the loss
of the property by fire.    The contract is fully set out
in paragraph 3 of the complaint.    Paragraph 4 of the
complaint alleges that, on or about August 15, 1918, at
Spokane, Washington, J. E. Balmer, "by clear deed,
duly executed, delivered and recorded, sold, assigned

[1]Reported in 203 Pac. 934.

and conveyed to plaintiffs his interest in said property and duly assigned, for value, their interest, right and title in and to said policy of insurance and all rights and benefits thereunder to plaintiffs, etc.''

Paragraph 6 alleges that the plaintiffs' agent was unable to reach the secretary of the company in order to obtain his signature to the assignment and cause it to be evidenced upon the company's books as of August 15, 1918, prior to the fire which destroyed the property, owing to the fact that the secretary of the company resided in the country and that plaintiffs' agent was expecting to see him in Spokane and get his signature or consent to the assignment.

Consent to the transfer or conveyance of the property was never endorsed on or appended to the policy. The policy provided: ''Any change of title or ownership of this property renders this policy of insurance void, until consented to in writing by the secretary.'' It is alleged in the complaint that this clause of the policy is void and against public policy.

The only question presented on the appeal is whether the policy was avoided by the sale of the property by Balmer without the consent of the insurance company endorsed on or added to the policy. The question must be answered against the appellants. While policies of insurance are construed strictly against the insurer, yet courts cannot make new contracts for parties nor grant relief against the plain and unambiguous terms of the contract. This court said in *Jump v. North British etc. Ins. Co.,* 44 Wash. 596, 87 Pac. 928, 12 Ann. Cas. 257:

''An insurance company has the right to determine for itself whom it will insure and what interest it will insure, and to provide that any change in such interest without its consent will work a forfeiture of the policy.''

That was a case in which the policy holder undertook to hold the company after he had transferred the property insured, without the consent of the company endorsed upon or added to the policy, having procured from the party owning the property at the time of the fire an assignment of any interest he might have in the policy. But the principle involved is just as applicable here, it being, that an insurance company has the right to determine whom it will insure and what interest it will insure or be liable for.

"An assignment of a policy of insurance with the consent of the company to a purchaser of the interest of the insured constitutes a new contract between the assignee and the company; the terms of the policy constituting the basis of the new contract." Cooley, Insurance Briefs, vol. II, p. 1063.

No reason or authority is suggested, nor are we aware of any, supporting the contention that the clause of the policy in question is void or against public policy. No public policy is violated in refusing an original holder the right to recover after the property has been transferred without the consent of the insurer. Cooley, Insurance Briefs, vol. II, p. 1713. Nor is any public policy violated by denying recovery to one who is altogether remediless except by denying to another the right to select for himself the person with whom he shall make a contract.

Judgment affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.