[No. 36868.   Department One.   April 2, 1964.]

METROPOLITAN MORTGAGE AND SECURITIES COMPANY, INC.,
*Respondent,* v. RELIABLE INSURANCE COMPANY,
*Appellant.**

*Reported in 390 P. (2d) 694.

*Clarke, Clarke, Albertson & Bovingdon,* for appellant.

*Walt O. Knowles,* for respondent.

ROSELLINI, J.—The facts of this case are not in dispute. William and Mary Dargan, as contract purchasers of a parcel of land in Tacoma, bought from the appellant a fire insurance policy, which covered the dwelling situated on the property. The policy had a "contract of sale" clause, which named Kirby Hickey as vendor and provided that, in the event of loss, as between vendor and vendee, proceeds of the policy should be paid first to the vendor, to an amount not exceeding the balance unpaid on the contract.

The policy also contained the following provision: "Assignment of this policy shall not be valid except with the written consent of this Company."

There was no provision restricting the right to alienate the vendor's interest without the approval of the company.

The expiration date of the policy was July 7, 1961. On January 30, 1961, the respondent purchased the vendor's interest in the property, and on February 10, 1961, it sent a written notice to the appellant, through the latter's agent who had sold the policy, that it was the owner of properties formerly owned by Hickey and should be substituted as insured for Hickey. This notice directed the agent to prepare an endorsement insuring the respondent on any properties in the Tacoma area owned by Hickey. Shortly thereafter the agent returned the notice to the respondent with a statement that it had no record of Hickey.

On June 20, 1961, the dwelling was completely destroyed by fire. The respondent notified the appellant immediately and demanded payment for its loss according to the terms of the policy. The appellant denied liability.

Upon these facts the trial court held that the respondent

succeeded to the rights of the vendor under the policy; that it gave the appellant sufficient notice of its acquisition of the vendor's interest and was entitled to recover. Judgment was entered accordingly.

It is contended by the appellant that the respondent had no interest in the policy, inasmuch as there was no privity of contract between it and the appellant. It relies upon the often-stated principle that a policy of fire insurance does not insure the property covered thereby, but is a personal contract indemnifying the insured against loss resulting from the destruction of, or damage to, his interest in that property. Authorities cited are 44 C.J.S. 931-934, §§ 223, 224; 1 Couch on Insurance (2d ed.) 33-35, § 1:7; *Russell v. Williams,* 24 Cal. Rptr. 859, 374 P. (2d) 827; *Fireman's Fund Ins. Co. v. Devonshire,* 170 Wash. 207, 16 P. (2d) 202.

■ It is not necessary to quarrel with this concept in order to sustain the judgment. Conceding that the insurance policy was a personal contract between the Dargans and the appellant, the question remains, what does the contract provide? Clearly, it indemnifies the vendor of the property. He is given a right to the proceeds which takes priority over that of the purchasers of the policy. And there is in the policy no restriction on the right of the named vendor to alienate his interest. Insurance contracts are construed strictly against the insurer and liberally in favor of the insured. *Jack v. Standard Marine Ins. Co., Ltd.,* 33 Wn. (2d) 265, 205 P. (2d) 351, 8 A.L.R. (2d) 1426. This court will not extend the language of the contract beyond its plain meaning.

The appellant did restrict the right of the purchasers to assign the policy, and it is conceivable that the insurer would be concerned about the identity of the purchasers, who had the right to possession and whose character might affect the risk. But the appellant evidently was not sufficiently concerned about the character of the vendor to require that it be given an opportunity to approve or disapprove a transfer of that interest. There is not even a requirement that the appellant be notified when the vendor's interest is transferred. Under general law, of course,

the appellant would not be liable to the respondent if it paid the vendor named in the policy before notice of the transfer; but we do not have that question here, since the appellant received notice through its agent. Yet it contends that under the policy it has no liability either to the respondent or the named vendor. (It is not liable to the named vendor for the reason that he no longer has an insurable interest in the property.)

The absurdity of the contention that this policy was not intended to indemnify a transferee of the vendor can be easily demonstrated. Suppose that the action had been brought by the Dargans, and the appellant were allowed to avoid its liability to the vendor on the ground that Hickey had sold his interest without its consent. The result would be that the Dargans would have lost the protection they bargained for, to the extent of the amount then owing to the vendor, due to acts of a third party which were beyond their control. They would still be liable to pay the balance of the purchase price of the dwelling, and would not have received the protection for which they bargained.

██ This court has held that, where a conditional-sales contract requires the vendee to insure the property for the benefit of the vendor, the policy inures to the benefit of the vendor, and the insurance company, with notice or put on inquiry, cannot in equity complain of reformation of the policy or a decree protecting the vendor to the extent of the unpaid purchase price. *Robbins v. Milwaukee Mechanics' Ins. Co.*, 102 Wash. 539, 173 Pac. 634. And in *John Hancock Mut. Life Ins. Co. v. Fireman's Fund Ins. Co.*, 10 Wn. (2d) 303, 116 P. (2d) 539, where parties to fire insurance policies intended to insure the whole interest in certain property, although they were in error as to the persons in whom that interest actually rested, and the property was destroyed by fire, we held that the intent of the parties should be given effect.

As we observed in both of those cases, where it appears that the intent of the contracting parties was to insure the whole interest, and one holding an interest is not named, equity will decree that the policy be reformed to protect

the interest of the true owners. See, also, *Stebbins v. Westchester Fire Ins. Co.*, 115 Wash. 623, 197 Pac. 913; 5 Couch on Insurance (2d ed.) § 29:104, p. 389; 5 Appleman, Insurance Law & Practice, § 3331, p. 457.

Here, the policy provided for indemnification of the vendor. There was no express restriction on the right of the vendor to transfer his interest without invalidating the policy, and the appellant has presented no equitable reason why it should not be required to pay the transferee. Notice of the transfer was given to its agent, who failed to attach an endorsement simply because it could not locate a record of Hickey's interest, not having a cross-index of vendors as well as vendees. This fact in itself indicates that the identity of the vendor was not considered significant to the appellant.

As we said in the *Robbins* and *John Hancock* cases, *supra,* where an insurance company has received its premium and the property has been destroyed, it ought not, in good conscience, to avoid paying the loss on a mere technicality.

The respondent has cited a number of early cases wherein we held that a transfer of an interest invalidated the policy. In those cases, however, the policies contained express provisions that the transfer of an interest, without the consent of the insurer, would have that effect. There was no such provision in the contract before us.

We hold that it was not the intent of the parties to the contract that the policy should be rendered void by the transfer of the vendor's interest in the property without the approval of the appellant, and that the respondent, as the real party in interest, is entitled to recover the indemnification provided by the policy.

The judgment is affirmed.

OTT, C. J., HUNTER and HALE, JJ., and JAMES, J. Pro Tem., concur.

---

June 2, 1964. Petition for rehearing denied.