[No. 38941.    Department One.    July 6, 1967.]

Tudor F. Davis *et al.*, *Appellants*, v. Oregon Mutual Insurance Company, *et al.*, *Respondents.**

*Duane Lansverk* (of *Robinson, Landerholm, Memovich, Lansverk, Whitesides & Marsh*), for appellants.

*Clarke, Clarke, Albertson & Bovingdon* and *Fred G. Clarke, Jr.*, for respondent.

Rosellini, J.—This action was tried to the court upon the following stipulated relevant facts:

William A. Meisner, as insured, and the defendant, as insurer, entered into a fire insurance contract, insuring a house on property owned by Meisner. The premium was paid in full for a 3-year term. Before the expiration of the term, Meisner transferred all of his interest in the property to the plaintiffs. No notice of the transfer of title was given to the defendant. After the sale of the property but before

*Reported in 429 P.2d 886.

the expiration of the policy period, the house was destroyed by fire.

The policy contained the following provision: "Assignment of this policy shall not be valid except with the written consent of this company."

Such consent was not obtained.

The trial court concluded that there was no contractual relationship between the plaintiffs and the defendant and dismissed the action.

In appealing, the plaintiffs rely on the case of *Metropolitan Mortgage & Sec. Co., v. Reliable Ins. Co.*, 64 Wn.2d 98, 390 P.2d 694 (1964), contending that this case supports their theory that a policy of fire insurance protects the owner of property covered by the insurance, in case of loss, even though he is not named or designated in the policy as an insured or beneficiary.

■ We do not read that case as supporting the plaintiffs' proposition. The rule is that a policy of fire insurance is a personal contract and does not run with the land, its purpose being not to insure property against fire, but to insure the owner of the property against loss by fire. *Fireman's Fund Ins. Co. v. Devonshire*, 170 Wash. 207, 16 P.2d 202 (1932); 44 C.J.S. *Insurance* § 224 (1945). As stated in 1 Couch, Insurance § 1.7 (2d ed. 1959), at 33:

> [A]n assignment or conveyance of the property does not transfer any rights with respect to the insurance, unless the insured makes an express assignment thereof, with the insurer's consent, or unless by express stipulation of the parties it is made to run with the subject matter, or the contract is so framed as to attach the risk inseparably to the property, as where the insurance is on account of the "owners," or for whom it may concern, or where the loss is payable to the "bearer."

See also 45 C.J.S. *Insurance* § 427 (1946).

This rule was recognized by this court in *Metropolitan Mortgage & Sec. Co., v. Reliable Ins. Co., supra*, relied upon by the plaintiffs. Contrary to the contention of the plaintiffs, the facts of that case are not analogous to the facts of this case. There, the purchaser of the policy did not

own the property in fee but was buying it under a contract. He secured insurance which protected the interest of the vendor. The policy provided that it could not be assigned without the consent of the company. The purchaser of the policy did not transfer his interest or attempt to assign the policy, but the vendor sold his interest to the plaintiff. After this sale, and after the plaintiff had notified the company that he had succeeded to the vendor's interest, a fire occurred.

The plaintiff brought suit on the policy. We held that the interest of the vendor was insured under the contract and that the insurer was liable to the vendor whoever he might be, inasmuch as a part of the bargain between the insurer and the purchaser of the policy was that the loss should be paid first to the vendor to the extent of his interest.

The identity of the vendor, under the terms of that policy of insurance, was of no concern to the insurer, except, of course, that it was obligated to pay the true owner of the vendor's interest, if the identity of the true owner was made known to it. The policy contained no provision requiring notice of a transfer of the vendor's interest. Payment to the holder of the vendor's interest, to the extent of that interest, was a benefit for which the purchaser of the policy contracted, according to its terms. Such payment was, in effect, payment to the purchaser, since it discharged a part of his obligation to the vendor.

There is no parallel situation here. When Meisner sold the property to the plaintiffs, he received cash and had no further interest in the property. If he had retained an interest, of course, the defendant would be liable to him to the extent of that interest, insofar as it was affected by the loss, but would owe nothing to the plaintiffs, as purchasers. As it was, when the fire occurred, Meisner sustained no loss. Payment by the defendant of the plaintiffs' loss would not discharge an obligation owed by it to Meisner, the insured. Such a payment might discharge Meisner's obligation to the plaintiffs (if in fact Meisner agreed to assign the policy to the plaintiffs when he sold the property to them

and became liable to them for his failure to do so); but the defendant did not undertake to guarantee the performance of such an agreement by the insured. On the contrary, an undertaking of this sort would be inconsistent with the provision in the policy making an assignment thereof invalid unless it should be approved by the defendant.

The plaintiffs say that Meisner continued to live in the house, as a tenant, after he sold it to the plaintiffs, but they do not suggest how this fact could affect the legal relationship between the plaintiffs and the defendant.

They also urge that the contract of insurance should be construed against the insurer. But they can point to no ambiguity in the contract, and therefore there is no occasion for construction. The intent of the parties is plainly expressed that an assignment will not be valid without the consent of the insurer.

The trial court correctly held that this action cannot be maintained, inasmuch as the plaintiffs are neither insureds nor beneficiaries under the terms of the contract, and no contractual relationship exists between them and the defendant.

The judgment is affirmed.

FINLEY, C. J., HILL and HALE, JJ., and BARNETT, J. Pro Tem., concur.