[No. 15577-3-III. Division Three. April 17, 1997.]

CLS MORTGAGE, INC., ET AL., *Appellants*, v. LANA BRUNO, *Defendant*, STATE FARM FIRE AND CASUALTY COMPANY, *Respondent*.

*Douglas M. O'Coyne, Sr.* and *O'Coyne, Phillips & Aranow,* for appellants.

*Irving "Buddy" Paul, Brad E. Smith,* and *Huppin, Ewing, Anderson & Paul, P.S.,* for respondent.

THOMPSON, J. — CLS Mortgage, Inc. (CLS), Opportunity Management Company, Inc. (OMC), and Bud and Marlene Gatlin (Gatlin) individuals, sued State Farm Fire and Casualty Company for breach of an insurance contract. Both parties moved for summary judgment. The court granted summary judgment in favor of State Farm. CLS, OMC, and Gatlin appeal contending summary judgment was

improper because: (1) CLS retained an insurable interest in the property requiring coverage; (2) the assignment of the Deed of Trust from CLS to OMC and Gatlin did not alter the risk to State Farm thereby relieving them of coverage; and (3) notice of the assignment after the loss of the property was sufficient. We affirm.

In November 1991, Lana Bruno refinanced her home with CLS. Ms. Bruno executed a promissory note in the amount of $110,000 and a Deed of Trust in favor of CLS. In addition, Ms. Bruno obtained a homeowners' insurance policy with State Farm. The policy listed Ms. Bruno as the named insured and CLS as the mortgagee. The policy ran from November 7, 1991 to November 7, 1992.

On November 29, 1991, CLS assigned its interest in the Deed of Trust, for valuable consideration, to OMC and Gatlin, 50 percent to each. CLS was the management company for OMC and received consideration in a sum equal to two percent of OMC's assets for the assignment.

Ms. Bruno defaulted on her obligations under the note and Deed of Trust by failing to make timely payments as required. OMC and Gatlin, through their agent CLS, demanded Ms. Bruno pay the delinquent amount. When she did not cure the default, OMC and Gatlin, again through CLS, initiated foreclosure proceedings by issuing a Note of Default on June 4, 1992.

On September 25, 1992, State Farm, without knowledge of the foreclosure proceedings, issued a renewal certificate on the homeowners' policy extending the term until November 7, 1993.

On November 27, 1992, the trustee's sale was held. A Trustee's Deed was executed and delivered to OMC and Gatlin. At this point, OMC and Gatlin owned the property in fee simple. Ms. Bruno continued to occupy the property while she negotiated new financing with CLS. The house was destroyed by fire on May 17, 1993.[1]

---

[1]It is undisputed Ms. Bruno occupied the property on the date of the fire.

On December 17, 1993, CLS submitted a proof of loss to State Farm. On September 13, 1994, State Farm denied the claim stating CLS no longer had an insurable interest in the property due to the assignment of the Deed of Trust.

On May 11, 1995, CLS, OMC and Gatlin started this action against Ms. Bruno and State Farm.[2] They claimed their loss was covered by the State Farm policy because CLS had an insurable interest in the property, the assignment did not affect the policy, and notice of the assignment after the loss was sufficient. State Farm and CLS moved for summary judgment. The court denied CLS's motion and granted State Farm's motion for summary judgment. CLS's motion for reconsideration was denied. CLS now appeals.

■ When reviewing a summary judgment motion, an appellate court engages in the same inquiry as the trial court. *Mutual of Enumclaw Ins. Co. v. Jerome*, 122 Wn.2d 157, 160, 856 P.2d 1095 (1993). Summary judgment is proper when no questions of material fact exist, entitling a party to judgment as a matter of law. CR 56(c). A motion for summary judgment should be granted if, after looking at all the evidence, reasonable persons could reach only one conclusion. *Nationwide Mut. Fire Ins. Co, v. Watson*, 120 Wn.2d 178, 186, 840 P.2d 851 (1992).

■ CLS claims it had an insurable interest in the property at the time of loss which would preclude summary judgment. An insurable interest in property generally arises when someone would profit or enjoy some advantage from the property, or would suffer a loss from the destruction of the property. *Gossett v. Farmers Ins. Co.*, 82 Wn. App. 375, 382, 917 P.2d 1124 (citing 3 GEORGE J. COUCH, COUCH CYCLOPEDIA OF INSURANCE LAW § 24:13 (Mark S. Rhodes, rev. ed., 2d ed. 1984)), *review granted*, 130 Wn.2d 1016 (1996). An "insurable interest" is defined by statute as being "any lawful and substantial economic interest in

---

[2]CLS has obtained a default judgment against Ms. Bruno. Its claim against her is not part of this appeal.

the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage." RCW 48.18.040(2). Any legal or equitable interest can create an insurable interest. *Cope Constr. Co. v. American Home Assurance Co.*, 28 Wn. App. 38, 45, 622 P.2d 395 (1980), *review denied*, 95 Wn.2d 1023 (1981).

■ ■ CLS contends that the policy's failure to define an "insurable interest" creates an ambiguity in the contract. However, insurance regulatory statutes are considered to be part of an insurance policy. *Britton v. Safeco Ins. Co.*, 104 Wn.2d 518, 526, 707 P.2d 125 (1985). Thus, the statutory definition of an insurable interest applies to this policy.

■ CLS clearly had an insurable interest when it held the promissory note and Deed of Trust. When CLS assigned its rights for full consideration, it extinguished its debt, thereby eliminating any economic interest in the property. *See Davis v. Oregon Mut. Ins. Co.*, 71 Wn.2d 579, 581, 429 P.2d 886 (1967) (holding former property owner who had fire insurance policy but sold property insured before the policy expired, lost his insurable interest in the property when the sale occurred). *Gattavara v. General Ins. Co.*, 166 Wash. 691, 699, 8 P.2d 421 (1932), also dealt with a similar issue. In that case, a mortgagee brought an action to collect under a collision insurance policy on a vehicle. *Id.* at 692. After the loss of the vehicle, the debt owed to the mortgagee was extinguished. *Id.* at 699. The insurance company argued the mortgagee lost its insurable interest. *Id.* The court held that the mortgagee still had an insurable interest as of the date of loss, because the debt had not yet been extinguished. *Id.* The court acknowledged that a different question would be presented if the debt were extinguished before the loss. *Id.* Using the definition of insurable interest and the comments in *Gattavara* and *Davis*, it is clear that CLS's assignment of the Deed of Trust and promissory note extinguished its debt, and thereby eliminated any insurable interest it had in the property.

CLS contends it has an economic interest in the property because of its agency relationship with OMC and Gatlin. Simply being an agent for a property owner does not give a "substantial economic interest" as required under RCW 48.18.040(2). Nor do agents suffer a direct loss when their principal's property is destroyed. CLS further argues that because its compensation was tied to OMC's asset base, it had an economic interest. Ownership of two percent of all of OMC's assets, without specific ownership in this property, does not satisfy insurable interest requirements. Summary judgment was proper.

The next issue is whether the change in ownership altered the risk thereby relieving State Farm of liability. The policy in question contained the following clause: "Assignment of this policy shall not be valid unless we give our written consent." Contrary to CLS's contention, anti-assignment clauses in insurance policies have been upheld by courts. *Davis*, 71 Wn.2d at 582. Public policy is not violated when a court denies insurance coverage to an original owner when the property interest insured was transferred and the insurance company did not consent to the assignment of the policy. *Menger v. Inland Empire Farmers' Mut. Fire Ins. Co.*, 118 Wash. 514, 516, 203 P. 934 (1922). There is no reason to find the anti-assignment clause violates public policy.

Fire insurance is a personal contract and does not run with the land. *Davis*, 71 Wn.2d at 580. In *Davis*, the insured bought a three-year fire insurance policy. *Id.* at 579. During the term of that policy the insured sold the home to Davis. *Id.* The insurer was not notified of the transfer. *Id.* Before the policy expired the property insured was destroyed. *Id.* at 580. The court held that the assignment of property does not transfer the rights to an insurance policy. *Id.* When the insured property is sold, the insurer is liable to the named insured to the extent of their insurable interest, but owes nothing to the new purchaser. *Id.* at 581. The court further noted that the new owner is not part of the insurance contract unless the

policy was assigned with the consent of the insurer. *Id.* at 581-82. In *Davis*, the original owner also occupied the house after the transfer, but the court held that his remaining on the property did not affect the outcome. *Id.* at 582.

This case is analogous to *Davis.* CLS assigned its interest in the property to OMC and Gatlin. Thus, like the new owner in *Davis*, OMC and Gatlin are not parties to the insurance contract and cannot receive any proceeds under the policy. Likewise, CLS has no insurable interest under the policy. CLS argues that *Davis* does not apply because no new parties existed which changed State Farm's risk. OMC and Gatlin are new owners of the property after the trustee's sale. The fact that the original insured, Ms. Bruno, continued her occupancy does not alter the situation. Under *Davis,* no coverage would exist.

CLS argues that this court should follow the rules set forth in *Metropolitan Mortgage & Sec. Co. v. Reliable Ins. Co.*, 64 Wn.2d 98, 390 P.2d 694 (1964). In that case the court held that fire insurance coverage existed after an assignment. *Id.* at 101-02. *Metropolitan* is distinguishable because: (1) the court interpreted an insurance policy based upon a vendor's contract which expected the property to change ownership, and (2) the insurance company was notified of the transfer before the loss. *Id.* at 99-100. *Davis* noted these distinguishing factors in its opinion. *Davis*, 71 Wn.2d at 580. Factually, *Davis* is more analogous to this case. The insurance policy did not prevent CLS from assigning its property interest to OMC and Gatlin. However, the transfer eliminated CLS's insurable interest in the property. In addition, State Farm did not consent to an assignment of the policy; thus, OMC and Gatlin are not part of the insurance contract and not entitled to coverage. The court did not err in granting summary judgment.

CLS finally contends that since the anti-assignment clause did not specify when notice must be given, the notice after the fire was sufficient. While insurance policies

are construed strictly against the insurer, courts cannot make contracts for parties or grant relief against plain language in the contract. *Menger*, 118 Wash. at 515. Insurance companies have the right to determine who to insure. *Id.* (citing *Jump v. North British & Mercantile Ins. Co.*, 44 Wash. 596, 87 P. 928 (1906)). State Farm provided an insurance policy to Ms. Bruno as the named insured and CLS as the mortgagee. At the date of loss, Ms. Bruno did not own the property and CLS was not the mortgagee. At the date of loss, OMC and Gatlin owned the property in fee simple. Requiring State Farm to cover the loss changes its contract without its consent. This court does not have the power to do this.

CLS, OMC, and Gatlin argue that Ms. Bruno still had possession, thus coverage should still exist. But coverage does not revolve around occupancy. Further, OMC and Gatlin were entitled to take possession of the property 20 days after November 27, 1992, the date of the trustee's sale. RCW 61.24.060. The fire occurred on May 17, 1993. Regardless of why Ms. Bruno remained in possession, OMC and Gatlin were entitled to occupy the property well before the date of loss. As to their policy arguments that mortgages should be freely assignable, nothing in this decision restricts the assignability of a mortgage. This decision simply requires that the holder of an insurance policy, a personal contract, obtain consent from the insurer to assign the right to protection from loss under that policy.

State Farm is not liable to Ms. Bruno or CLS because they have no insurable interest in the property. State Farm is not liable to OMC or Gatlin because it had no contract with them to provide coverage for this loss. The court did not err in granting summary judgment.

We affirm.

SCHULTHEIS, A.C.J., and BROWN, J., concur.