**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GLENBROOK HOMEOWNERS
ASSOCIATION; CLAUDIA HUNTINGTON;
HUNTINGTON GLENBROOK TRUST,
                  *Plaintiffs,*

       and

GLENBROOK PRESERVATION
ASSOCIATION,
          *Plaintiff-Appellant,*

       v.

TAHOE REGIONAL PLANNING
AGENCY,
          *Defendant-Appellee,*

LAWRENCE W. RUVO LIVING TRUST
1989; HARVEY WHITTEMORE;
POSTMISTRESS PROPERTIES, LLC;
LAKESHORE HOUSE, LLC;
OUTRAGEOUS INVESTMENTS, LLC;
EDWARD FEIN,
  *Defendants-Intervenors-Appellees.*

No. 03-17224

D.C. Nos.
CV-00-00690-
RLH/RAM
CV-01-00678-
RLH/RAM
CV-02-00075-
RLH/RAM

13553

GLENBROOK HOMEOWNERS
ASSOCIATION; GLENBROOK
PRESERVATION ASSOCIATION,
              *Plaintiffs-Appellants,*

                and

CLAUDIA HUNTINGTON; HUNTINGTON
GLENBROOK TRUST; CLAIRE
HUNTINGTON MCCLOUD,
                        *Plaintiffs,*

                v.

TAHOE REGIONAL PLANNING
AGENCY,
                        *Defendant,*

                and

LAWRENCE W. RUVO LIVING TRUST
1989; HARVEY WHITTEMORE;
POSTMISTRESS PROPERTIES, LLC;
LAKESHORE HOUSE, LLC;
OUTRAGEOUS INVESTMENTS, LLC,
  *Defendants-Intervenors-Appellees.*

EDWARD FEIN,
    *Defendant-Intervenor-Appellant.*

No. 03-15002
D.C. Nos.
CV-00-00690-
RLH/RAM
CV-01-00678-
RLH/RAM
CV-02-00075-
RLH/RAM

GLENBROOK HOMEOWNERS
ASSOCIATION; GLENBROOK
PRESERVATION ASSOCIATION,
          *Plaintiffs-Appellees,*

and

CLAUDIA HUNTINGTON; HUNTINGTON
GLENBROOK TRUST,
                    *Plaintiffs,*

v.

TAHOE REGIONAL PLANNING
AGENCY,
                    *Defendant,*

EDWARD FEIN,
          *Defendant-Intervenor,*

and

LAWRENCE W. RUVO LIVING TRUST
1989; HARVEY WHITTEMORE;
POSTMISTRESS PROPERTIES, LLC;
LAKESHORE HOUSE, LLC;
OUTRAGEOUS INVESTMENTS, LLC,
*Defendants-Intervenors-Appellants.*

No. 04-17314

D.C. Nos.
CV-00-00690-
RLH/RAM
CV-01-00678-
RLH/RAM
CV-02-00075-
RLH/RAM

GLENBROOK HOMEOWNERS
ASSOCIATION,
                *Plaintiff-Appellant,*
            and

GLENBROOK PRESERVATION
ASSOCIATION; CLAUDIA HUNTINGTON;
HUNTINGTON GLENBROOK TRUST,
                        *Plaintiffs,*

                v.

TAHOE REGIONAL PLANNING
AGENCY,
                *Defendant-Appellee,*

LAWRENCE W. RUVO LIVING TRUST
1989; HARVEY WHITTEMORE;
POSTMISTRESS PROPERTIES, LLC;
LAKESHORE HOUSE, LLC;
OUTRAGEOUS INVESTMENTS, LLC;
EDWARD FEIN,
    *Defendants-Intervenors-Appellees.*

No. 03-17302
D.C. Nos.
CV-00-00690-
RLH/RAM
CV-01-00678-
RLH/RAM
CV-02-00075-
RLH/RAM

GLENBROOK HOMEOWNERS
ASSOCIATION; GLENBROOK
PRESERVATION ASSOCIATION;
                    *Plaintiffs,*

        and

CLAUDIA HUNTINGTON; HUNTINGTON
GLENBROOK TRUST; CLAIRE
HUNTINGTON MCCLOUD,
            *Plaintiffs-Appellants,*

        v.

TAHOE REGIONAL PLANNING
AGENCY,
            *Defendant-Appellee,*

        and

LAWRENCE W. RUVO LIVING TRUST
1989; HARVEY WHITTEMORE;
POSTMISTRESS PROPERTIES, LLC;
LAKESHORE HOUSE, LLC;
OUTRAGEOUS INVESTMENTS, LLC;
EDWARD FEIN,
            *Defendants-Intervenors.*

No. 03-15001

D.C. Nos.
CV-00-00690-
RLH/RAM
CV-01-00678-
RLH/RAM
CV-02-00075-
RLH/RAM

OPINION

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Argued and Submitted
June 14, 2005—San Francisco, California

Filed September 21, 2005

Before: Mary M. Schroeder, Chief Judge,
William C. Canby, Jr., Circuit Judge, and
Kevin Thomas Duffy,* District Judge.

Opinion by Judge Duffy

---

*The Honorable Kevin Thomas Duffy, District Judge for the Southern District of New York, sitting by designation.

## COUNSEL

Ronald A. Zumbrun, The Zumbrun Law Firm, Sacramento, California, for plaintiffs-appellants/appellees, Glenbrook Preservation Association. Mark H. Gunderson, Mark H. Gunderson, Ltd., Reno, Nevada, for plaintiffs-appellants-cross-appellees, Glenbrook Homeowners Association.

John L. Marshall, Tahoe Regional Planning Agency, Stateline, Nevada; William J. White and Matthew D. Vespa, Shute, Mihaly & Weinberger LLP, San Francisco, California, for defendant-appellee, Tahoe Regional Planning Agency. E. Leif Reid, Lionel, Sawyer & Collins, Reno, Nevada, for defendants-intervenors-appellees-cross-appellants,  Harvey Whittemore, Postmistress Properties, LLC, Lakeshore House, LLC, and Outrageous Investments, LLC.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

### I.  Background

These appeals arise from a dispute over a proposed pier project in Glenbrook, Nevada, which borders Lake Tahoe. The Lawrence W. Ruvo Trust ("Ruvo"), Harvey Whittemore ("Whittemore"), Edward Fein ("Fein"), and others (collectively "Ruvo/Fein") sought to build a pier on Fein's property on the shore of Lake Tahoe. The Glenbrook Preservation Association ("GPA"), Glenbrook Homeowners' Association ("GHOA"), Huntington Glenbrook Trust, Claudia Huntington, and Claire Huntington ("Huntington Parties") (collectively "Glenbrook Parties") opposed the project.

Ruvo/Fein sought approval of the pier from the Tahoe Regional Planning Agency ("TRPA"), a bi-state agency

charged with preservation of the Lake Tahoe region under the Tahoe Regional Compact ("Compact"). After public hearings, the TRPA approved the pier project subject to certain conditions, including conditions allowing construction of the pier only if an appropriate court determines that: (1) the pier "will not unreasonably interfere with any recreational/access rights GHOA holds in the project area" ("Condition N"); and (2) "as of the date [of the TRPA's final approval of the project] the owners of the Fein parcels . . . do not have a legal right to use the GHOA community pier independent of actions by GHOA." ("Condition O").

Three suits were filed: (1) GPA sued TRPA in the Eastern District of California, alleging that TRPA was not complying with the Compact and was unduly influenced by certain individuals (Ruvo/Fein intervened as Defendants and GHOA joined as plaintiff/real party in interest); (2) The Huntington Parties filed a complaint (containing allegations almost identical to those raised by GPA in the California case) against TRPA in the District of Nevada; and (3) Ruvo/Fein filed a complaint against GHOA in Nevada state court, to which GHOA filed an answer and counterclaim. All three cases were subsequently consolidated in the District of Nevada.

In April 2002 TRPA and Ruvo/Fein filed motions to dismiss which were granted in part and denied in part.

In December 2002 TRPA and Ruvo/Fein filed motions for summary judgment. GHOA answered and filed a cross-motion for summary judgment. The district court adopted a magistrate's report which disposed of all remaining claims by granting TRPA's motion, and granting in part and denying in part the motions of GHOA and Ruvo/Fein. *See Glenbrook Pres. Ass'n v. Tahoe Reg'l Planning Agency*, CV-N-00-690-RLH (RAM) (D. Nev. Sept. 19, 2003) (district court order adopting magistrate's report and recommendation ("Report"), *Glenbrook Pres. Ass'n v. Tahoe Reg'l Planning Agency*, CV-N-00-690-RLH (RAM) (D. Nev. Aug. 5, 2003)). By adopting

the Report, the court held that: (1) TRPA's approval of the pier was supported by substantial evidence in the administrative record; (2) Condition N was satisfied; and (3) Condition O was not satisfied because the Fein parcels had a right of access to the GHOA pier. These holdings are the focus of the instant appeals.

## II.    Challenge to TRPA's Conditional Approval of the Pier

We review a grant of summary judgment *de novo. See Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir. 1999) (en banc). Because summary judgment here involves the decision of an administrative agency, we "view the case from the same position as the district court." *Nevada Land Action Ass'n v. United States Forest Serv.*, 8 F.3d 713, 716 (9th Cir. 1993) (citation omitted). We review TRPA's decisions regarding project approval only for "prejudicial abuse of discretion," which occurs when "the agency has not proceeded in a manner required by law or if the act or decision of the [TRPA] was not supported by substantial evidence in light of the whole record." (Compact at Article VI(j).)

The Glenbrook Parties apparently challenge TRPA's approval of the permit on the ground that the TRPA did not "proceed in a manner required by law, asserting that relevant law compelled TRPA to: (1) require an Environmental Assessment prior to approving the pier project; (2) consider alleged "Cumulative Impacts" of the Pier; (3) consider alleged "Cumulative Impacts" of an entertainment complex the Glenbrook Parties claim the pier owners are building; and (4) require an Environmental Impact Statement due to alleged controversy over the pier project (collectively "Four Requirements").

The Glenbrook Parties do not claim that the Four Requirements are explicit in either the Compact or the ordinances promulgated thereunder by the TRPA. Rather, the Glenbrook Parties' challenge is entirely dependent on the assertion that

certain regulatory requirements allegedly arising under the National Environmental Policy Act, 42 U.S.C. §§ 4321-4347 ("NEPA"), also arise under the Compact. Because this fundamental assumption is wrong, the Glenbrook Parties' challenges to TRPA's action fail.

**[1]** The NEPA explicitly states that it applies only to agencies of the federal government. 42 U.S.C. § 4332(2). The Glenbrook Parties nevertheless argue for the importation of alleged NEPA requirements into the Compact under Article VII of the Compact. This Article, entitled "Environmental Impact Statements," was enacted in the 1980 amendments to the Compact and its text is substantially similar to the NEPA's section regarding Environmental Impact Statements ("EIS").[1] *Compare* Compact Article VII *with* 42 U.S.C. § 4332.

**[2]** The Glenbrook Parties assert that this similar language triggers the general rule of statutory construction that the "adoption of the wording of a statute from another legislative jurisdiction carries with it the previous judicial interpretation of the wording." *Yates v. United States*, 354 U.S. 298, 309 (1957) *overruled on other grounds by Burks v. United States*, 437 U.S. 1, 2 (1978). In support of this argument, the Glenbrook Parties presented us with no cases in which a court imposed the Four Requirements solely on the basis of the language of the NEPA. Rather, the authorities relied on by the Glenbrook Parties are limited to cases interpreting *federal regulations promulgated under* the NEPA. The obligations Glenbrook seeks to impose on TRPA arise not from the language of the NEPA, but rather from judicial interpretations of language that appears neither in the NEPA nor in Article VII of the Compact. We find the authority offered too far

---

[1]An EIS is a comprehensive document, or set of documents reporting on the potential environmental impact of a project. An EIS is much more comprehensive than either an Initial Environmental Checklist or an Environmental Assessment.

removed for the canon of statutory construction cited by the Glenbrook Parties to apply. Accordingly, there is no basis for importing the Four Requirements into the Compact.

### III.   *Declaratory Judgement re: Conditions N and O*

The Complaint of Ruvo/Fein and the Counterclaim of GHOA both sought declaratory judgment as to the rights, status and other legal relations with respect to the beach area where the Ruvo/Fein Pier is proposed to be built. The requests for declaratory judgment were based on Conditions N and O in the conditional permit issued by TRPA.

#### A.   *Condition N*

Condition N requires Ruvo/Fein to "obtain a decision from an appropriate court that [the Ruvo/Fein Pier] will not unreasonably interfere with any recreational/access rights GHOA holds in the project area."

Through a series of deeds recorded in 1977, GHOA and its members received an easement over, *inter alia*, the beach property Fein would later come to own. In the relevant deed, Fein's predecessor in interest "covenant[ed] and agree[d] that [the beach area] shall not be developed for other than recreational uses as defined by Tahoe Regional Planning Agency." The deed further granted GHOA's predecessor in interest the right to use, *inter alia*, the beach area "for those permitted uses designated in Section 7.32 (1) through (6) inclusive, of Ordinance No. 19 adopted by the Tahoe Regional Planning Agency . . . [and] in accordance with reasonable rules and regulations relating to such use."

On the basis of this express language, the court below found that although GHOA has a recreational easement upon the beach, that easement is subject to the limitations set forth in the deed which "expressly allow for development of recreational uses by owners of the property subject to the easement

[*i.e.*, Fein].” (Report at 21.) The court then determined, by reference to TRPA rules, that the Ruvo/Fein Pier is a “recreational use as defined by the Tahoe Regional Planning Agency.” (*Id.* at 23-24.)

We review the interpretation of deeds and contracts *de novo*. *See In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003).

**[3]** On appeal the Glenbrook Parties do not attack the fundamental premise that GHOA’s easement is subject to the property owner’s reserved right to develop the beach area for recreational uses. Rather, the Glenbrook Parties cite authority establishing the proposition that the owner of a servient estate may not erect any structure that encroaches on a right-of-way. This argument misses the point. Because GHOA’s easement is limited by the express reservation of the property owner’s right to develop the property for recreational uses, any such development cannot infringe on GHOA’s easement. The easement has been so limited since its creation. As the court below held:

> Even assuming that GHOA has a right-of-way, a right-of-way is only an easement and “must be construed strictly in accordance with its terms in an effort to give effect to the intentions of the parties.” *S.O.C., [Inc. v. Mirage Hotel-Casino]*, 23 P.3d [243], 247 [(Nev. 2001)]; *see also Cox v. Glenbrook Co.*, 371 P.2d 647, 652 (the general rule is that “the extent of an easement created by conveyance is fixed by the conveyance.”) Given the express language of the deeds which grant [Fein] the right to develop [his] property for recreational uses as defined by the TRPA, GHOA’s argument in this regard must fail.

(Report at 23.)

**[4]** The Glenbrook Parties alternatively argue that Nevada’s Planned Unit Development Statute, Nev. Rev. Stat. Ch. 278A,

also precludes construction of the Pier. However, as the court below noted, the plain language of the statute and relevant cases establish that GHOA may enforce only Planned Unit Development provisions that are contained in documents recorded in the county recorder's registry of real estate titles. Ruvo/Fein asserts that the only recorded documents that govern GHOA's rights to maintain open space easements on Fein's beach are the deeds which created the recreational easement in favor of GHOA. The Glenbrook Parties have not cited any recorded document contradicting this assertion. Thus, the Glenbrook Parties' argument is without merit. GHOA's rights to enforce the plan are entirely derivative of its rights under the easement— because the easement does not prohibit construction of the Pier, neither does the Planned Unit Development statute. Accordingly, we affirm the judgment below as to Condition N.

### B.   Condition O

Condition O requires Ruvo/Fein to "obtain a decision from an appropriate court that, as of the date of [TRPA's final approval of] the permit, the owners of the Fein parcels (APN 01-070-16 and 01-070-17) do not have a legal right to use the GHOA community pier independent of actions by GHOA."[2] The court below held that "the Fein parcels where the [Ruvo/ Fein] pier is to be located acquired access to the [GHOA] community pier through a reserved right as Glenbrook Properties' successor in interest." (Report at 28.) Because this holding was in error, we reverse.

---

[2]The GHOA community pier is a multiple-use pier owned and maintained by the GHOA. The GHOA pier is near the location where Ruvo/ Fein proposes their pier. The Fein parcels' access to the GHOA pier is relevant because, under TRPA rules, Fein may construct the Ruvo/Fein pier only if it qualifies as a multiple-use pier. The Ruvo/Fein pier may qualify as a multiple-use pier only if the Fein parcels lack a right of access to an existing multiple-use pier.

The lower court determined that the relevant issue was "not whether Fein, as an individual has the right to use the [GHOA] community pier, but whether the parcels [owned by Fein] where the [Ruvo/Fein] pier is to be located have the right to use the community pier." (*Id.* at 26.) The Glenbrook Parties appeal this holding, arguing that the court's inquiry should have been extended to the other Ruvo/Fein parties. However, given the text of Condition O (which is explicitly limited to Fein), and the TRPA Board's finding that Condition O "of the Proposed permit require[s] the applicants to demonstrate . . . the *Fein parcels* did not acquire access to the [GHOA] pier," as well as the TRPA's Staff Summary which describes the decision required by Condition O as "a decision from an appropriate court that at least the Fein parcels **do not** have the legal right to access GHOA's pier," the Glenbrook Parties' argument is without merit.

Thus, the relevant question is whether the Fein parcels have an appurtenant right to use the GHOA pier. The lower court held that through two deeds "the Fein parcels where the [Ruvo/Fein] pier is to be located acquired access to the [GHOA] community pier through a reserved right as Glenbrook Properties' successor in interest." (Report at 28.) Because neither of these deeds conveyed a right appurtenant to the Fein parcels to use the GHOA Pier, we reverse.

### i.    1976 Deed

The court below held that in a 1976 deed ("1976 Deed") "Glenbrook Company conveyed to Glenbrook Properties, which included the Fein parcels, the right to use designated recreational Areas in Glenbrook for recreational purposes." (Report at 26.) Ruvo/Fein argues this holding is erroneous because the 1976 Deed is void and, in any event, the Fein property was not conveyed in the deed. Ruvo/Fein is correct on both points.

[5] Under the doctrine of merger, when a single owner "acquires present possessory fee simple title to both the servient

and dominant tenements [of an easement], the easement merges into the fee . . . and is terminated." *Breliant v. Preferred Equities Corp.*, 858 P.2d 1258, 1261 (Nev. 1993). The 1976 Deed on which the court below relied created an easement, in favor of the dominant tenement described in Exhibit A, upon the servient tenement described in Exhibit C (the recreational areas owned by Glenbrook Company). However, in a March 1977 Deed, Glenbrook Properties reconveyed Exhibit A to Glenbrook Company who still owned the property in Exhibit C. Through the March 1977 Deed, Glenbrook Company "acquire[d] present possessory fee simple title to both the servient and dominant tenements" and the easement "merge[d] into the fee . . . and [was] terminated." *Id.* Thus, the holding that the easement created a right appurtenant to Fein's parcels was erroneous.

Moreover, as is clear from the surveys in the record, the Fein parcels are not part of Exhibit A dominant tenement, but rather are part of the servient tenement described in Exhibit C. Even if the easement in the 1976 Deed had not been extinguished by merger, it still would not create any rights appurtenant to the Fein parcels to use the GHOA pier.

### ii. 1987 GHOA Pier Deed

The GHOA pier was transferred to GHOA by Glenbrook Properties via a deed executed in 1987. Referring to this transfer, the court below stated, "[i]t is . . . undisputed that Glenbrook Properties conveyed the existing [GHOA] pier to GHOA by deed reserving the right to use the pier as follows: 'RESERVING, HOWEVER, unto grantors, their successors and assigns, the right to use said property in common with others entitled to use the same.' " (Report at 26.)

In analyzing the right of use that Glenbrook Properties retained upon the transfer of the pier to GHOA, the court noted:

> The parties mischaracterize the status of the [GHOA] pier in discussing whether it is subject to an easement or a license. In the deed, Glenbrook Properties conveyed the community pier to GHOA and an easement [over Glenbrook Properties' real property] to maintain the pier. It did not convey title to the real property underlying the pier.

(*Id.* at 27.) Accordingly, the court held, "Although the pier is affixed to land, the conveyance severed the pier from any realty and the pier became the personal property of GHOA." (*Id.* (citing *Bohle v. Thompson*, 554 A.2d 818, 823 (Md. App. 1989) for the proposition that an owner of both the realty and fixtures upon the realty may effect severance of the fixtures as personalty in a sales agreement)). Neither Ruvo/Fein nor the Glenbrook Parties appeal this holding.

On the basis of the holding that the GHOA pier is personal property, the court below held, "[n]ecessarily, because the reserved right to use the pier was not an interest in land, nor a privilege to use land, the reserved right does not derive from an easement or license. Rather, the right is purely contractual." (Report at 27.) Again, neither party appeals this holding.

The court below concluded its analysis by stating, "[i]n determining what contractual rights were reserved, '[t]he pre-eminent rule of construction is to ascertain the intention of the contracting parties,' " and further reasoned, "the language in the [1987 Pier] deed reserving the right for 'grantors, their successors and assigns' to use the pier is clear and unambiguous on its face." (*Id.* at 27-28. (quoting *Great Am. Airways, Inc. v. Airport Auth. of Washoe County*, 743 P.2d 628, 629 (Nev. 1987)). On the basis of these principles, the court concluded that "the Fein parcels where the [Ruvo/Fein] pier is to be located acquired access to the [GHOA] pier as Glenbrook Properties' successor in interest." (Report at 28.)

Ruvo/Fein first argues that this conclusion is erroneous because Glenbrook Properties never assigned to Fein its

"purely contractual" interest in access to the pier. Second, Ruvo/Fein points out that because Glenbrook Properties' right was purely contractual, even if it did assign the right, it would only benefit Fein, not the *Fein parcels* (the relevant inquiry under Condition O), and would not run with the land. Ruvo/Fein's assignments of error are accurate.

**[6]** It is well-settled that personal contracts do not run with the land. *See*, *e.g.*, *CLS Mortgage, Inc. v. Bruno*, 937 P.2d 1106, 1109 (Wash. App. Div. 1997); *Davis v. Oregon Mut. Ins. Co.*, 429 P.2d 886, 887 (Wash. 1967); *Pelser v. Gingold*, 8 N.W.2d 36, 40 (Minn. 1943). Thus, although the deeds by which Fein purchased the parcels at issue in Condition O conveyed the parcels "TOGETHER with all tenements, hereditaments, and appurtenances, including easements if any, thereto belonging or appertaining, and any reservations, remainders, rents, issues or profits thereof," because the reserved right to use the pier was "purely contractual," the reserved right clearly was not conveyed as a "tenement[ ], hereditament[ ], [or] appurtenance[ ]" *belonging to the Fein parcels*. In sum, because the 1987 Pier Deed created a purely contractual right between Glenbrook Properties and GHOA, the conveyance to Fein of real property together with the appurtenances thereto simply could not have effected an assignment of Glenbrook Properties' separate contractual rights. Accordingly, the Fein parcels do not have a right to use the GHOA community pier.

## IV.   *Miscellaneous Issues*

The Glenbrook Parties make two other claims in these appeals, both of which are without merit.

First, the Glenbrook Parties argue that they still have "live claims" which were not disposed of by the lower court's decisions on the motion to dismiss and the motions for summary judgment. This is incorrect given the lower court's holding that TRPA's motion for summary judgment "encompass[ed] [the] remaining claims." (Report at 5 n.2.)

Second, the Glenbrook Parties argue that the lower courts erred in denying them certain discovery. However, appeal of the discovery denial is foreclosed by the Glenbrook Parties' failure to object to the magistrate's protective order within the time period established by Federal Rule of Civil Procedure 72(a). *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("A party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

## V.   *Conclusion*

**[7]** For the foregoing reasons, the judgment of the district court that the Fein parcels, pursuant to "various deeds," have a right of access to the GHOA Community Pier is reversed. The judgment is affirmed in all other respects. **REVERSED** in part and **AFFIRMED** in part. The Ruvo/Fein parties and TRPA are entitled to their costs on these appeals.