Order; Dissent to Order by Judge BEA; Opinion by Judge PAEZ; Partial Concurrence and Partial Dissent by Judge RESTANI.
*845 ORDER
The majority opinion is amended as follows:
1. At slip op. 8168, n.15, [607 F.3d at 597 n. 15], the final sentence of the footnote is amended to read: < Furthermore, as discussed above, Malesko also relied on the fact that the plaintiff was not seeking recovery against an individual officer. See id. at 73-74, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456. >
2. At slip op. 8177, [607 F.3d at 602], the following sentence < Unfortunately, under the current Bivens regime, asymmetries will remain irrespective of whether we recognize or deny a Bivens cause of action here.> is amended to read: < Unfortunately, under the current Bivens regime, asymmetries may remain irrespective of whether we recognize or deny a Bivens cause of action here.>
3. At slip op. 8177, [607 F.3d at 602], the paragraph beginning < Unlike officers employed ... > is amended to read: < Unlike officers employed by public prisons, the GEO employees may not be entitled to qualified immunity, and as a result, prisoners asserting claims against them may be able to recover more often than their counterparts in governmentally run prisons. Compare Richardson, 521 U.S. at 401, 117 S.Ct. 2100 (holding that employees of privately operated state prisons are not entitled to qualified immunity), with Butz v. Economou, 438 U.S. 478, 501, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (holding that “federal officials should enjoy no greater zone of protection when they violate federal constitutional rules than do state officers” (emphases removed)), and Holly, 434 F.3d at 294 (stating that employees of privately operated federal prisons are not entitled to qualified immunity). We need not decide the issue of qualified immunity here.>
The dissenting opinion is amended as follows:
At slip op. 8191, [607 F.3d at 611], in the last textual sentence before the Conclusion, the phrase <are not entitled to qualified immunity> is amended to read: <may not be entitled to qualified immunity>
The amended opinion and amended dissent are filed concurrently with this order.
With those amendments, Judges Hug and Paez voted to deny the petition for panel rehearing. Judge Restani voted to grant the petition for panel rehearing.
The petition for panel rehearing is DENIED.
Judge Paez voted to deny the petition for rehearing en banc and Judge Hug so recommended. Judge Restani recommended that the petition for rehearing en banc be granted. The full court was advised of the petition for rehearing en banc. A judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc reconsideration. FED. R. APP. P. 35.
The petition for rehearing en banc is DENIED.