**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2838
_____

MANDANLAL VARMA,
                                        Appellant
v.

FEDERAL BUREAU OF PRISONS; MR. P. JUSTER,
SSIM/FBOP; MR. BURRELL, ADM; MR. ZENK, MVCC Warden;
DIRECTORS OF FBOP; MVCC AND CORNELL COMPANIES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 09-cv-00129)
District Judge:  Honorable Kim Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

Opinion filed: March 28, 2011
_____

OPINION
_____

PER CURIAM.

        Mandanlal Varma, a former federal prisoner proceeding pro se, appeals

from a judgment of the United States District Court for the Western District of

Pennsylvania in favor of the defendants in his civil rights action.  For the reasons that

1

follow, we will affirm the judgment of the District Court.

Varma was confined at the Moshannon Valley Correctional Center ("MVCC"), a private correctional facility in Pennsylvania owned and operated by Cornell Companies, Inc. Varma was housed at MVCC pursuant to a contract between Cornell and the Federal Bureau of Prisons. On May 14, 2009, Varma filed a complaint in District Court against MVCC, its Warden Michael Zenk, and Cornell (the "MVCC defendants"), and the Federal Bureau of Prisons and several federal prison officials (the "federal defendants"), seeking damages for injuries he suffered after he fell on a wet prison floor.

Varma filed an amended complaint on February 19, 2010, alleging that MVCC exposes inmates to a substantial risk of harm by failing to provide safe walkways in the housing units. Varma averred that the floor is slippery when it rains and snows, that the prison staff is inadequate and improperly trained, and that the staff does not supervise the hallway or warn of poor walking conditions. Varma also stated that all of the defendants had actual knowledge of the risk of harm, which was "longstanding, pervasive, and apparent to any knowledgable [sic] observer." Am. Comp. at 7. He averred that numerous inmates had fallen and that these falls were reported to Zenk and other defendants, who were deliberately indifferent to the risk of harm.

Varma further alleged that on January 11, 2009, he fell on a wet floor at MVCC and broke his left wrist and arm. Varma stated that the duty officer and other inmates escorted him to the medical unit, where his arm and wrist were bandaged and he was given pain medication. Although Varma contends it was apparent that he needed

2

immediate emergency medical treatment, he was not taken to the hospital until the next day. At that time, a surgeon inserted two pins in his left arm and wrist and applied a cast. Varma averred that he believes treatment at a hospital was delayed because Cornell and the Federal Bureau of Prisons have a policy requiring authorization before a transport. He stated that he suffered "prolonged and extreme pain," Am. Comp. at 9, and that he has permanent injury to his arm and wrist.

Based on these allegations, in counts one and two of his amended complaint, Varma brought claims under 42 U.S.C. § 1983 asserting that Cornell, MVCC, and the individual defendants failed to provide necessary medical care in violation of his constitutional rights and that Cornell and MVCC failed to supervise and train the individual defendants. In counts three and four, Varma brought claims under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), asserting that the individual defendants failed to provide necessary medical care in violation of his constitutional rights. Finally, in counts five through eight, Varma brought claims of negligence against Cornell, MVCC, the Federal Bureau of Prisons, and the individual defendants based on alleged breaches of their duties to maintain safe prison conditions and provide medical care.

The MVCC defendants and the federal defendants filed motions to dismiss the amended complaint, or in the alternative, for summary judgment. The District Court adopted the Magistrate Judge's report and recommendation to grant these motions. The Magistrate Judge concluded that Varma failed to state a claim under the Federal Tort

Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), because he was not confined in a facility operated by the Federal Bureau of Prisons. The Magistrate Judge further concluded that Varma did not state a claim under Bivens because a Bivens cause of action does not lie against a private prison or its employees, and because Varma failed to exhaust his administrative remedies. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Varma did not file timely objections to the Magistrate Judge's report, we review the District Court's decision for plain error. See Nara v. Frank, 488 F.3d 187, 196 (3d Cir. 2007). We will address Varma's claims in the order presented in his amended complaint.

As noted above, Varma's first two claims were brought under 42 U.S.C. § 1983. Although not addressed by the Magistrate Judge, Varma fails to state a claim under § 1983 because none of the defendants are alleged to have acted under color of state law. See Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995) (setting forth elements of a prima facie case under § 1983). Thus, the first two counts of Varma's complaint were properly dismissed.

In counts three and four of his amended complaint, Varma raised Bivens claims asserting that the individual defendants failed to provide necessary medical treatment. The Magistrate Judge construed Varma's complaint as also asserting Bivens claims against Cornell and MVCC. To the extent Varma intended to assert such claims, Varma fails to state a claim against Cornell and MVCC. See Correctional Services Corp.

4

v. Malesko, 534 U.S. 61, 63 (2001) (holding no action lies under Bivens against a private corporation operating a halfway house under a contract with the Bureau of Prisons).

The Magistrate Judge further concluded that Varma fails to state a Bivens claim against individual employees of MVCC. The courts of appeals are currently divided as to whether a Bivens claim is cognizable against employees of a private prison. Compare Pollard v. The Geo Group, Inc., 607 F.3d 583, 588 (9th Cir. 2010) (holding claim is cognizable), amended, -- F.3d --, 2010 WL 5028447 (9th Cir. Dec. 10, 2010), with Alba v. Montford, 517 F.3d 1249, 1252-55 (11th Cir. 2008) (holding claim is not cognizable); Holly v. Scott, 434 F.3d 287, 295-97 (4th Cir. 2006) (same). See also Peoples v. CCA Detention Ctrs., 449 F.3d 1097, 1099 (10th Cir. 2006) (en banc) (evenly divided on issue). It is unnecessary to decide this question in this appeal because, as discussed below, even if Varma's Bivens claims are cognizable, these claims were properly dismissed because Varma failed to exhaust his administrative remedies.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996), precludes prisoners from bringing an action with respect to prison conditions until available administrative remedies are exhausted. 42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004). It is undisputed that Varma did not exhaust his administrative remedies. Varma stated in his amended complaint that MVCC staff gave him the form to pursue his administrative remedies but that the form was for exhausting his remedies under the FTCA. Varma's amended complaint, however, reflects that he was aware that other inmates had filed grievances under MVCC's

administrative procedures after they suffered injuries at MVCC. He did not allege that prison staff refused to give him a grievance form. Under these circumstances, Varma's failure to pursue his administrative remedies is not excused by the fact that prison staff gave him a form to exhaust his remedies under the FTCA. Varma also stated in his amended complaint that money damages are not "included with the administrative remedy forms." Am. Compl. at 10. Exhaustion, however, is required even when a prisoner seeks relief, such as money damages, which is not available in grievance proceedings. Spruill, 372 F.3d at 227 (citation omitted).[1]

The Magistrate Judge appears to have construed Varma's remaining causes of action as asserting negligence claims under the FTCA. The only reference to the FTCA in Varma's amended complaint is in the section addressing exhaustion. Varma states that he exhausted "the Federal Tort Claim regarding the claim for damages, and injuries sustained," that the Federal Bureau of Prisons Regional Office denied the claim, and that the MVCC provided him the form for pursuing an administrative remedy. Am. Comp. at 10. In contrast to Varma's other causes of action, in which he asserts claims under a specific statute and amendments to the United States Constitution, Varma did not assert a claim under the FTCA in counts five to eight of the amended complaint. These counts assert claims of negligence, and although they may be construed as having been

---

[1] Varma asserted that his administrative remedies were inadequate for other reasons in his objections to the Magistrate Judge's report. Because these objections were filed four weeks after they were due and after the District Court issued its order adopting the report, we will not consider them.

raised under the FTCA, they also should have been considered as having been raised under state law, at least with respect to the MVCC defendants.

Although we conclude that the District Court erred in failing to address Varma's negligence claims under state law, Varma has not established plain error, which requires a showing of plain or obvious error that affected his substantial rights. Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 166-67 (3d Cir. 2004). In his appellate brief, Varma does not contend that the District Court erred in construing his claims as arising under the FTCA.[2] Varma, however, argues that his amended complaint supported a finding of negligence, that the issue before the district court should have been whether the defendants were negligent, and that the District Court failed to address his claims. We conclude that the District Court's error in failing to address Varma's negligence claims under state law is "plain" as these claims are obvious from the face of the amended complaint.

We cannot conclude, however, that the District Court's error affected Varma's substantial rights. In order to have affected his substantial rights, the District Court's error must have affected the outcome of the proceedings. Selkridge, 360 F.3d at 167. We cannot conclude that the outcome would have been different had the District Court addressed Varma's state law claims because the District Court in all likelihood would have declined to exercise supplemental jurisdiction over these claims, having

---

[2] Varma also does not challenge the District Court's grant of summary judgment on these claims and thus we have not considered them.

7

dismissed all claims over which it had original jurisdiction.  <u>See</u> 28 U.S.C. § 1367(c).

Accordingly, we will affirm the judgment of the District Court.