Justice Ginsburg,
dissenting.
Were Pollard incarcerated in a federal- or state-operated facility, he would have a federal remedy for the Eighth Amendment violations he alleges. See Carlson v. Green, 446 U. S. 14 (1980) (Bivens action); Estelle v. Gamble, 429 U. S. 97 (1976) (42 U. S. C. § 1983 action). For the reasons stated in the dissenting opinion I joined in Correctional Services Corp. v. Malesko, 534 U. S. 61, 75-83 (2001) (opinion of Stevens, J.), I would not deny the same character of relief to Pollard, a prisoner placed by federal contract in a pri­vately operated prison. Pollard may have suffered “aggra­vated instances” of conduct state tort law forbids, ante, at 128 (opinion of the Court), but that same aggravated conduct, when it is engaged in by official actors,* also offends the Fed­eral Constitution, see Estelle, 429 U. S., at 105-106. Rather than remitting Pollard to the “vagaries” of state tort law, Carlson, 446 U. S., at 23,1 would hold his injuries, sustained while serving a federal sentence, “compensable according to uniform rules of federal law,” Bivens v. Six Unknown Fed. Narcotics Agents, 403 U. S. 388, 409 (1971) (Harlan, J., con­curring in judgment).
Indeed, there is stronger cause for providing a federal remedy in this case than there was in Malesko. There, the question presented was whether a Bivens action lies against a private corporation that manages a facility housing fed­eral prisoners. 534 U. S., at 63. Suing a corporate em­ployer, the majority observed in Malesko, would not serve to deter individual officers from conduct transgressing constitutional limitations on their authority. Id., at 70-71. *133 Individual deterrence, the Court reminded, was the consider­ation central to the Bivens decision. Malesko, 534 U. S., at 70. Noting the availability of state tort remedies, the ma­jority in Malesko declined to “exten[d] Bivens beyond [that decision’s] core premise,” i. e., deterring individual officers. Id., at 71-73. Pollard’s case, in contrast, involves Bivens’ core concern: His suit seeking damages directly from individual officers would have precisely the deterrent effect the Court found absent in Malesko.
For the reasons stated, I would hold that relief potentially available under state tort law does not block Pollard’s re­course to a federal remedy for the affront to the Constitution he suffered. Accordingly, I would affirm the Ninth Cir­cuit’s judgment.

The Ninth Circuit ruled that petitioners acted under color of federal law, Pollard v. The GEO Group, Inc., 629 F. 3d 843, 854 (2010), and peti­tioners did not seek this Court’s review of that determination, see Brief for Petitioners 37, n. 8.