**NOT FOR PUBLICATION**

JAN 12 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY J. BURRIOLA, | No. 10-16393 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00102 |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS; GLEN WHORTON; DARREL REXWINKEL; BILL DONAT; JAMES BACA; ELIZABETH WALSH; TIMOTHY LIETZ; VINSON SCOTT; VALAREE CLIFTON; DANIEL COLLIER; KELLY BELANGER; ROBERT LEGRAND; GREG COX; MATT TILLY; JASON WOOD; HOWARD SKOLNIK, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of Nevada
James C. Mahan, District Judge, Presiding

Submitted December 19, 2011 [**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Nevada state prisoner Anthony Burriola timely appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action. The district court dismissed Burriola's claims in Counts 5–7 for failure to exhaust administrative remedies, and granted summary judgment to the defendants on Counts 1, 2 & 4. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand for further proceedings.

Burriola has not waived his challenges to the magistrate judge's conclusions of law which he raised in his opening brief, despite his failure to object to either the magistrate judge's report and recommendation regarding the disposition of his complaint or to the magistrate judge's screening order dismissing some of his claims. *See Pollard v. The GEO Group, Inc.*, 629 F.3d 843, 853 (9th Cir. 2010)*; Robbins v. Carey*, 481 F.3d 1143, 1146–47 (9th Cir. 2007). However, he has waived any challenge to the magistrate judge's factual findings, as well as any challenge not addressed in his briefing here. *Martinez v. Ylst*, 951 F.2d 1153, 1156–57 (9th Cir. 1991).

We review de novo the legal conclusions underlying a district court's dismissal for failure to exhaust administrative remedies. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). To the extent Burriola's claims in Counts 5–7

were premised on conduct occurring after the filing of his original complaint, the district court should have determined whether those claims were exhausted as of the filing date of the amended complaint, not as of the filing date of the original complaint. *See Rhodes v. Robinson* ("*Rhodes II*"), 621 F.3d 1002, 1005–06 (9th Cir. 2010). Because *Rhodes II* clarified *McKinney v. Carey*, 311 F.3d 1198 (9th Cir.2002) (per curiam) after the district court dismissed Burriola's claims, we vacate and remand to the district court to apply *Rhodes II* in the first instance.

We review a summary judgment de novo. *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009). We may affirm on any basis supported by the record. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009).

Count 1 concerns Burriola's claims for damage to his typewriter and confiscation of a replacement typewriter. His deprivation of property claims fail because he has an adequate state law remedy available. *See Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (per curiam); Nev. Rev. Stat. § 209.243. His claim for retaliation under the First Amendment also fails with respect to his damaged typewriter. *See* U.S. Const. amend I; *Rhodes v. Robinson* ("*Rhodes I*"), 408 F.3d 559, 567–68 (9th Cir. 2005). Burriola presented no evidence that the guard who allegedly damaged his typewriter knew of his protected activity, so the

10-16393

district court properly granted summary judgment on this aspect of his claim. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995).

However, the district court erred in granting summary judgment as to Burriola's retaliation claims arising from the confiscation of a replacement typewriter. It considered whether the prison's categorical ban on typewriters was reasonably related to a legitimate correctional goal. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011). But the categorical ban is unrelated to the confiscation of Burriola's typewriter, which occurred in June 2006, months before the enactment of the categorical ban. *See Nev. Dep't of Corr. v. Cohen*, 581 F. Supp. 2d 1085, 1087 (D. Nev. 2008), *aff'd by Greene*, 648 F.3d at 1018. Therefore, we vacate the judgment as to Count 1 regarding Burriola's replacement-typewriter retaliation claim.

Burriola's contentions of error as to Count 2 are without merit, because the district court properly applied the law to his claims that the confiscation of some of his religious magazines violated his First Amendment right to free exercise of religion, his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"),[2] and his right to substantive due process. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998) (due process); *Zinermon v.*

---

[2] 42 U.S.C. § 2000cc *et seq.*

*Burch*, 494 U.S. 113, 125 (1990) (same); *Turner v. Safley*, 482 U.S. 78, 89–91 (1987) (free exercise); *Shakur v. Schriro*, 514 F.3d 878, 884, 888 (9th Cir. 2008) (free exercise and RLUIPA); *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005) (RLUIPA). Moreover, his deprivation of property claim fails because the district court found that the prison regulation limiting magazines was reasonably related to legitimate penological interests. *See Turner*, 482 U.S. at 89. Burriola presented no argument on appeal regarding any procedural due process violation. *See Katie A., ex rel. Ludin v. L.A. Cnty.*, 481 F.3d 1150, 1161 n.21 (9th Cir. 2007). We therefore affirm the district court's summary judgment on Count 2.

Likewise, we affirm the district court's summary judgment on Count 4 because the parties stipulated to dismissal of Burriola's claim regarding Nev. Rev. Stat. § 209.246, and because the district court properly found that Burriola did not demonstrate an actual injury as required for his claim alleging violation of his right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Vandelft v. Moses*, 31 F.3d 794, 798 (9th Cir. 1994).

We affirm the district court on Counts 2 & 4, and vacate and remand for further proceedings on Counts 5–7 and on Count 1 regarding the replacement-typewriter retaliation claim.

The parties shall bear their own costs on appeal.

10-16393

**AFFIRMED in part, VACATED in part, and REMANDED**.

10-16393