**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER JOHNSON, | No. 10-15623 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-01223-JAM-DAD |
| v. | |
| M. L. EVANS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 15, 2012[**]
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Walter Johnson appeals the district court's denial of his petition for a writ of

habeas corpus. He raises a single issue on appeal: whether the magistrate judge

erred as a matter of law when he failed to construe a pro se filing, styled as a Rule

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

60(b) motion, as Johnson's attempt to amend his pending habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Johnson filed a pro se motion in August 2005 (the "August motion") when his habeas petition was pending. Johnson styled that document as a "Motion for Relief From Judgment/Vacate Judgment F.R.C.P. 60(b)(1)(2)(3)(4)(6) Void Judgment (Fraud) Vacate State Judgment F.R.C.P. 60(b)(H) Brady." In it, Johnson reiterated at least one argument from his habeas petition and raised additional instances of ineffective assistance of counsel. He also asserted that DNA evidence recovered at the scene did not point to him, and attached an earlier motion from his state appellate counsel that faulted his trial counsel for withdrawing a "heat of passion" defense. Johnson asked the district court "to rule on this motion 60(b) before it rules on the writ of habeas corpus." The magistrate judge denied the August motion on March 3, 2006, explaining that Federal Rule of Civil Procedure 60(b) was an inappropriate vehicle to challenge a state court conviction. The magistrate judge noted, however, that "petitioner [would] be permitted to proceed with [his] habeas action in which he challenges the state court judgment of conviction on the grounds of ineffective assistance of counsel." Johnson requested reconsideration on April 19, 2006, but the district court rejected that request as untimely.

A party who "fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *see also Glenbrook Homeowners Ass'n v. Tahoe Regional Planning Agency*, 425 F.3d 611, 619 (9th Cir. 2005) (holding that appeal of a discovery denial was foreclosed by parties' failure to object to a magistrate's order within the specified time). Federal Rule of Civil Procedure 72(a) requires a district court to consider any timely objections to a magistrate's order on a nondispositive motion and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." It cautions that a party "may not assign as error" a defect not objected to in a timely manner. Because Johnson did not timely object to the magistrate's order in district court, he has forfeited his right to appellate review.

Johnson alternatively contends that his August motion was really a motion to amend. A motion to amend is also nondispositive. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985) superseded by rule on other grounds as recognized in *Simpson*, 77 F.3d at 1174 (noting that a motion for leave to amend was properly treated as nondispositive). Thus, even if

3

the magistrate should have characterized the August motion in the manner Johnson suggests, Johnson's failure to timely seek review again forecloses review.

Johnson reliance on *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007); *Martinez v. Ylst*, 952 F.2d 1153, 1156 (9th Cir. 1991); and *Pollard v. GEO, Inc.*, 629 F.3d 843, 853 (9th Cir. 2010), is misplaced because each of those cases involved a party's failure to object to a magistrate's recommendation on a dispositive matter, not a nondispositive order. None of these cases discuss appellate review of a magistrate's determination of non-dispositive issues of law without prior review by the district judge.

**AFFIRMED.**