NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTJUAN BRISCO,

Plaintiff - Appellant,

v.

DAVID SHINN, Director, Arizona
Department of Corrections, Rehabilitation,
and Reentry; et al.,

Defendants - Appellees.

No. 23-3331

D.C. No.
4:20-cv-00260-JGZ

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, Chief District Judge, Presiding

Argued and Submitted January 13, 2025
Pasadena, California

Before: GOULD, BENNETT, and LEE, Circuit Judges.
Partial Dissent by Judge LEE.

Antjuan Brisco, an inmate in the custody of the Arizona Department of

Corrections ("ADC"), brought a pro se civil rights action under 42 U.S.C. § 1983

against several ADC officials. Brisco appeals both the district court's order

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

dismissing his Title II Americans with Disabilities Act ("ADA") claim at the screening stage under 28 U.S.C. § 1915A and the district court's order granting summary judgment to Officer Villicana on his Eighth Amendment deliberate indifference claim.  We have jurisdiction under 28 U.S.C. § 1291.  We reverse and remand.

We review de novo the district court's dismissal and grant of summary judgment.  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014); *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013).  In doing so, we construe Brisco's pro se filings liberally.  *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("We have . . . held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly.").  We also construe all evidence in Brisco's favor.  *Id.* at 1149.

1.      The district court failed to evaluate the full scope of Brisco's ADA claim by limiting it to only the ADC Director.  Construed liberally, Brisco's ADA claim was brought against the ADC based on the acts of the ADC Director *and* of Officers Duran and Villicana.[1]  *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001) ("When a plaintiff brings a direct suit under . . . Title II of the ADA

---

[1] Brisco does not challenge the dismissal of Officer Duran as a defendant for lack of service.

against a municipality (including a county), the public entity is liable for the vicarious acts of its employees."); 42 U.S.C. §§ 12131–12132 (prohibiting discrimination by a "public entity," which includes "any department [or] agency . . . of a State or . . . local government").

In dismissing the ADA claim based on the ADC Director's acts, the district court further erred by requiring Brisco to allege that there was a policy or custom that violated the ADA. A policy or custom is not a requirement in a direct suit under the ADA. *See Duvall*, 260 F.3d at 1135 (listing the elements of a Title II ADA claim, none of which require a policy or custom); *id.* at 1141 (explaining that "the doctrine of *respondeat superior* [applies] to claims brought directly under the [ADA]"). Given these errors, we reverse the district court's dismissal of the ADA claim and remand for further consideration.

2.      On the Eighth Amendment claim, the district court found that there were genuine disputes of fact as to all elements except for deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (discussing the elements of an Eighth Amendment deliberate indifference claim). The district court determined that the evidence was insufficient to show that Officer Villicana "dr[ew] the inference" that transferring Brisco from his wheelchair to a non-accessible van would create "a substantial risk of serious harm." *See id.* at 837. We disagree.

Construing Brisco's filings liberally and the evidence in Brisco's favor, the

3                                                                    23-3331

following occurred. ADC had a policy requiring ADA-compliant transport, which Officers Villicana and Duran knew about. They also knew that Brisco was confined to a wheelchair because of a spinal cord injury and that he could not walk unassisted. Brisco told the officers that he could not be safely transferred into the non-accessible van. Officer Duran responded, "We don't have time for this shit, we're at the end of our shift," and "We don't want to stay on overtime." The officers then lifted Brisco and threw him into the van.[2] Brisco fell face first between the rear seats, causing intense pain and injuries to his wrist and shoulder.

Throwing a disabled prisoner with a spinal cord injury into a van presents an obvious risk. Based on this obvious risk, a factfinder could conclude that Officer Villicana knew his actions risked seriously harming Brisco. *See id.* at 842 ("[A]

---

[2] The district court discounted Brisco's evidence that he had been thrown because, in one of his pro se filings, he stated that he had been "intentionally or unintentionally dropped or thrown to the inside of the [van]." But that was improper given the liberal pleading standards afforded to pro se prisoners and the summary judgment standard requiring that all evidence be construed in Brisco's favor. *See, e.g.*, *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. A 'justifiable inference' is not necessarily the most likely inference or the most persuasive inference. Rather, an inference as to another material fact may be drawn in favor of the nonmoving party . . . if it is 'rational' or 'reasonable.'" (cleaned up) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987))). Given all the alleged circumstances (and construing them in Brisco's favor), a jury could find that Officer Villicana threw Brisco, even if Brisco were not entirely certain that he had been thrown. For this reason, we respectfully disagree with the dissent.

factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."). Because a factfinder could resolve the issue of deliberate indifference in Brisco's favor, the district court erred in granting summary judgment to Officer Villicana on the Eighth Amendment claim.[3]

**REVERSED and REMANDED.**

---

[3] We decline to address in the first instance whether Officer Villicana is or may be entitled to qualified immunity on the Eighth Amendment claim. *See Schneider v. County of San Diego*, 28 F.3d 89, 93 (9th Cir. 1994) (holding that the issue of qualified immunity "should be addressed in the first instance by the district court").

*Brisco v. Shinn*, Case No. 23-3331

LEE, Circuit Judge, dissenting in part:

Antjuan Brisco, a wheelchair-bound inmate, claims that he was subjected to "cruel and unusual punishment" because of an injury he suffered while being transported in a van not designed for wheelchairs. As the majority opinion suggests, Brisco's Eighth Amendment claim likely turns on whether Officer Villicana, the guard responsible for transporting him, deliberately threw Brisco into the transport van. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994) ("[T]he Eighth Amendment . . . isolates those who inflict punishment . . . ."). The majority states that throwing Brisco would have presented an "obvious" risk of serious harm. *Id.* at 842 (holding that an official can be liable for deliberate indifference in violation of the Eighth Amendment if there is an obvious risk of serious harm).

I agree with the majority up to this point. If Officer Villicana had intentionally thrown a disabled man into the van, he could be liable under the Eighth Amendment. On the other hand, if he had accidentally dropped Brisco, then I believe it would be a different story—not every bad act amounts to a constitutional violation. *See, e.g.*, *Pollard v. The GEO Grp., Inc.*, 629 F.3d 843, 867, 875 (9th Cir. 2010), *rev'd sub nom. Minneci v. Pollard*, 565 U.S. 118 (2012) (noting the high bar for deliberate indifference claims under the Eighth Amendment). Villicana should have been disciplined and perhaps even dismissed for negligence and for failing to follow

1

prison policies for transporting disabled inmates. The problem here, however, is that Brisco never clearly states that Villicana actually threw him. He instead said that perhaps Villicana threw him—or maybe negligently dropped him.[1] He simply does not know. Even for a pro se plaintiff, that is not enough, especially at the summary judgment stage. I thus respectfully dissent on the Eighth Amendment claim but agree with the majority that the ADA claim should move forward.

Mere "speculation do[es] not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) (citing *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995)). Speculation includes when a plaintiff alleges that something "may" have happened, but not that it did. *Paff*, 52 F.3d at 266. Brisco produced no evidence that Officer Villicana, along with an assisting fellow officer, intentionally threw him into the van. Brisco merely speculates in his affidavit that in the "process of transferring Plaintiff and physically attempt[ing] to place Plaintiff in the unauthorized transport vehicle, the Plaintiff *was intentionally or unintentionally dropped or thrown* to the inside of the" vehicle. Brisco then repeatedly emphasizes that he was "dropped," and not thrown. In sum, in response to summary judgment, Brisco does not directly allege—much less substantiate—that Villicana threw him.

---

[1] Officer Villicana and his colleague transported Brisco four times that day in the same van. In the other three trips, Brisco did not suffer any injury.

2

To be sure, summary judgment requires us to draw inferences in Brisco's favor. But inferences must still be supported by specific facts, *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987); *accord. Lowry v. City of San Diego*, 858 F.3d 1248, 1255 (9th Cir. 2017) (en banc), and Brisco produced none. We would not, for example, let a libel case move forward past summary judgment if the plaintiff had simultaneously claimed that the defendant acted with malice—or perhaps not with malice—in making the libelous statement. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The majority urges us to construe Brisco's pleadings liberally because he is pro se. But Brisco's failure here is not about a legal technicality that a pro se plaintiff would not be aware of. *See Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.4 (9th Cir. 1986) (citing *Hudson v. Hardy*, 412 F.2d 1091, 1094 (D.C. Cir. 1968)). Rather, this goes to the fundamental "burden of producing [] evidence that would support a jury verdict," "even where the evidence is likely to be within the possession of the defendant." *Anderson*, 477 U.S. at 256, 257. Brisco's Eighth Amendment claim cannot survive summary judgment because he has produced no evidence to support the mental state of deliberate indifference.

I thus respectfully dissent in part.