**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOUTHERN CALIFORNIA GAS COMPANY, a California corporation,<br><br>        Plaintiff-counter-defendant - Appellee,<br><br>  v.<br><br>SYNTELLECT, INC., a Delaware corporation,<br><br>        Defendant-counter-claimant - Appellant. | No. 11-56822<br><br>D.C. No. 3:08-cv-00941-BEN-MDD<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted July 9, 2013
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Syntellect, Inc. (Syntellect), appeals the district court's grant of partial summary judgment requiring it to indemnify Southern California Gas Company (SoCal) for damages arising from third-party allegations of patent infringement. Syntellect also challenges the district court's grant of a motion *in limine* excluding evidence related to the allocation of damages between responsible parties. We vacate the judgment and remand for further proceedings.

**1.**     "The question whether an indemnity agreement covers a given case turns primarily on contractual interpretation, and it is the intent of the parties as expressed in the agreement that should control. . . ." *St. Paul Fire & Marine Ins. Co. v. Am. Dynasty Surplus Lines Ins. Co.*, 101 Cal. App. 4th 1038, 1049 (2002) (citation and alteration omitted). The intent of the parties is "ascertained from the clear and explicit language of the contract." *Cont'l Heller Corp. v. Amtech Mech. Servs., Inc.*, 53 Cal. App. 4th 500, 504 (1997) (citation and internal quotation marks omitted).

In this case, the indemnity provision covers "any and all claims . . . of any kind whatsoever arising from actual or alleged infringement or misappropriation by [Syntellect] . . . of any patent . . . in connection with the System . . ." California courts have rendered "consistently broad" interpretations of "phrases such as

2

'arising out of' or 'arising from' and 'resulting from.'" *St. Paul Fire*, 101 Cal. App. 4th at 1050. Liability will attach if the indemnitor's performance under the contract is "causally related in some manner to the injury for which indemnity is claimed." *Id*. at 1053.

The contract broadly defined the "System" to include the Vista Interactive Voice Response System (IVR), "Services," and all specifications and requirements included in the Request for Proposal (RFP). "Services" include "Custom Application Programs," which are "software application programs that [Syntellect] develops specifically to [SoCal's] written application specifications and provides to [SoCal] pursuant to this Agreement." Under these contract provisions, the "System" cannot logically be considered separate and apart from the customized services described in the contract and RFP.

Each of the "accused services" from the Katz copyright infringement complaint were enabled by Syntellect's performance of its contractual duties. In its Motion for Summary Judgment, Syntellect admitted as much, comparing each of the accused services to the requirements and specifications of the RFP.

For these reasons, it is apparent that the allegations of patent infringement were causally related to Syntellect's provision of the "System." Syntellect is therefore liable for damages stemming from utilization of the "System." We

3

affirm the district court's grant of summary judgment in favor of SoCal on the liability issue.

**2.** Syntellect forfeited its argument that the magistrate judge erred by barring discovery of information related to the technical operation of the call center, the nature of the Katz claims, and the nature of the settlement because it failed to timely request review of the order by the district court judge. *See Glenbrook Homeowners Ass'n v. Tahoe Reg'l Planning Agency*, 425 F.3d 611, 619 (9th Cir. 2005).

**3.** When an indemnitee settles without trial, "the indemnitee must show the liability is covered by the contract, that liability existed, and the extent thereof. The settlement is presumptive evidence of liability of the indemnitee and the amount of liability, but it may be overcome by proof from the indemnitor that the settlement was unreasonable . . ." *Peter Culley & Assocs. v. Superior Court*, 10 Cal. App. 4th 1484, 1497 (1992), *as modified*.

The "presumptively reasonable" liability of the indemnitee (SoCal) does not necessarily mirror the liability of the indemnitor (Syntellect). *See Mel Clayton Ford v. Ford Motor Co.*, 104 Cal. App. 4th 46, 56 (2002) (noting in the context of

4

insurance contracts that "[t]he settlement . . . becomes presumptive evidence only of the liability of the *insured* and the amount thereof") (citation omitted) (emphasis in original).  Where a party's indemnity obligation is limited under the contract, an allocation of liability between culpable parties is appropriate.  *See Culley*, 10 Cal. App. 4th at 1497 (noting that where multiple parties are liable, the "allocation of the settlement is at least as important as the total amount of the settlement").

Here, SoCal adequately demonstrated that:  (1) Syntellect was liable under the contract to indemnify it against the Katz claims, and (2) its *own* liability was reflected in the "presumptively reasonable" amount of the settlement.  However, SoCal must still demonstrate that the entire liability should be allocated to Syntellect.  *See id.* at 1497-98.  Where there is a dispute, "Plaintiff should be required to prove the reasonableness of its proposed allocation by ordinary means." *Id*. at 1498.

Because the indemnitor disputed the allocation of liability, the district court abused its discretion in excluding all evidence relevant to the allocation of damages.  *See id.*; *see also Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 405 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law . . .").

5

This is not to say that Syntellect is *not* or cannot be, liable for the entirety of the settlement under the contract. However, the district court must consider the nature of the Katz claims as they apply to the indemnity provision and to other potentially liable parties. Apportionment is appropriate if some portion of the liability for the alleged infringement is *not* embraced by Syntellect's indemnity obligation. We express no opinion on whether apportionment is required or on the amount of the appropriate allocation if apportionment is required. Rather, we remand for the district court to undertake this inquiry in the first instance.

**VACATED and REMANDED for further proceedings consistent with this disposition**. **Each party shall bear its costs on appeal.**

*Flores v. Cate*, No. 10-55788

WATFORD, Circuit Judge, dissenting:

I disagree with the majority that the California Supreme Court's citation to *Swain* indicates that it considered Flores's state habeas petitions untimely. A *Swain* citation does not generally indicate untimeliness. *See Cross v. Sisto*, 676 F.3d 1172, 1178 (9th Cir. 2012). California courts instead "cit[e] the controlling decisions, *i.e.*, *Clark* and *Robbins*" to signal untimeliness. *Walker v. Martin*, 131 S. Ct. 1120, 1124 (2011). When California courts cite *Swain* and *Duvall* together, as the California Supreme Court did here, that suggests a different procedural bar applies: failure to allege facts with sufficient particularity. *See Stancle v. Clay*, 692 F.3d 948, 958 (9th Cir. 2012); *Cross*, 676 F.3d at 1176–77; *Gaston v. Palmer*, 417 F.3d 1030, 1038–39 (9th Cir. 2005), *as amended by order*, 447 F.3d 1165 (9th Cir. 2006).

Our decision in *Trigueros v. Adams*, 658 F.3d 983 (9th Cir. 2011), controls the outcome of this case. There, we inferred that the California Supreme Court had overruled a lower court's untimeliness finding based on a request for informal briefing on the merits and a subsequent summary denial without citations. *Id.* at 990. Here, the same inference is at least as strong. The superior court dismissed Flores's petition on the basis of untimeliness (citing *Clark*) as well as two other procedural bars. The California Supreme Court did not simply deny Flores's

petition without citations, which would have required us to infer that the petition was denied on the same grounds relied on by the superior court. *See Bonner v. Carey*, 425 F.3d 1145, 1148 & n.13 (9th Cir. 2005), *as amended by order*, 439 F.3d 993 (9th Cir. 2006). Instead, the California Supreme Court went out of its way, through the use of citations, to adopt the two procedural bars cited by the superior court that did not involve untimeliness, added a third procedural bar of its own, and then conspicuously omitted any citation to *Clark* or *Robbins*. Under these circumstances, I would infer that the California Supreme Court impliedly overruled the superior court's untimeliness finding.