

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KUSUMAM KOSHY, derivatively on
behalf of nominal defendant Quality
Systems, Inc.,

         Plaintiff-Appellant,

v.

CRAIG A. BARBAROSH; et al.,

         Defendants-Appellees.

No.   18-56159

D.C. No.
8:17-cv-01694-CJC-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted December 12, 2019
Pasadena, California

Before: N.R. SMITH and WATFORD, Circuit Judges, and HELLERSTEIN,[**]
District Judge.

    Kusumam Koshy appeals the district court's dismissal of her claims against

Defendants and the court's denial of leave to amend. Koshy argues that the district

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

court erred in: (1) concluding that her claims, except those based on the approval of Defendant Plochocki's separation agreement, are time-barred and that equitable tolling does not apply; (2) dismissing the remaining claim for failure to adequately plead demand futility; and (3) denying leave to amend her complaint on the basis that amendment would be futile. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      We review de novo the dismissal of claims for failure to file within the applicable statute-of-limitations period. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 996 (9th Cir. 2006). Yet, the "district court's decision regarding equitable tolling is 'generally reviewed for an abuse of discretion, unless the facts are undisputed, in which event the legal question is reviewed de novo.'" *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008) (quoting *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1175 (9th Cir. 2000)).

A.      Under California's discovery rule, "[a] plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.'" *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 919 (Cal. 2005) (quoting *Norgart v. Upjohn Co.*, 981 P.2d 79, 88 (Cal. 1999)). In other words:

> A plaintiff need not be aware of the specific 'facts' necessary to establish the claim . . . . Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit

on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her.

*Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 928 (Cal. 1988) (In Bank). Koshy's claims are time-barred, because she had "reason at least to suspect a factual basis for its elements" at the latest when the other lawsuits stemming from the alleged wrongdoing were filed.

B.     "Three factors are taken into consideration when deciding whether to apply equitable tolling under California law: (1) timely notice to the defendant in the filing of the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009). Koshy has cited to no authority for the proposition that equitable tolling applies in the circumstances here based on the pendency of an earlier-filed shareholder derivative action brought by a different named plaintiff. Because Koshy sat on her rights rather than "seek[] an alternate remedy in an established procedural context," the district court did not abuse its discretion in concluding that the doctrine of equitable tolling does not save her claims. *Acuna v. San Diego Gas & Elec. Co.*, 159 Cal. Rptr. 3d 749, 760 (Ct. App. 2013).

2.     Federal Rule of Civil Procedure 23.1 requires shareholders to make an effort "to obtain the desired action from the directors or comparable authority" before bringing a shareholder derivative suit. Fed. R. Civ. P. 23.1(b)(3)(A). Further, if the shareholders made no such demand on the board before bringing the derivative action, they "must 'plead with particularity the reasons why such demand would have been futile.'" *Towers v. Iger*, 912 F.3d 523, 528 (9th Cir. 2018) (quoting *Rosenbloom v. Pyott*, 765 F.3d 1137, 1148 (9th Cir. 2014)). "The law of the state of incorporation governs whether demand is futile." *Tindall v. First Solar Inc.*, 892 F.3d 1043, 1046 (9th Cir. 2018). Though the nominal defendant, Quality Systems, Inc., is a California corporation, California courts generally look to Delaware law when determining demand futility, because "California and Delaware law on the demand requirement are identical." *Potter v. Hughes*, 546 F.3d 1051, 1054 n.1 (9th Cir. 2008). "[W]e review for abuse of discretion the district court's ruling dismissing [a] shareholder derivative suit on the ground of failure to show demand futility." *Rosenbloom*, 765 F.3d at 1147.

To show demand futility, Koshy must allege "particularized facts creating a reasonable doubt": (1) of the Defendants' independence and disinterestedness in relation to the non-time-barred claim, *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 845 A.2d 1040, 1049 (Del. 2004), or (2) that "the

4

challenged transaction was otherwise the product of a valid exercise of business judgment," *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244, 255 (Del. 2000).  The district court did not abuse its discretion in finding that Koshy failed to adequately allege demand futility, because (1) she failed to provide allegations that any member of the Board was interested specifically in the approval of Plochocki's separation agreement, and (2) she failed to demonstrate why the separation agreement violated the business judgment rule.

3.      "We review the denial of leave to amend for an abuse of discretion, but we review the question of futility of amendment de novo."  *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016) (citation omitted).  Under a "futility analysis, 'dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.'"  *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (cleaned up) (quoting *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010)).  The Federal Rules of Civil Procedure promote a policy favoring leave to amend, stating that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality," *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154

5

(9th Cir. 2014) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Despite this general policy, we affirm the district court's denial of leave to amend, because Koshy "has failed to set forth any facts"—before either the district court or this court—"which [s]he could add to save h[er] complaint." *Janas v. McCracken* (*In re Silicon Graphics Inc. Secs. Litig.*), 183 F.3d 970, 991 (9th Cir. 1999), *superseded by statute on other grounds*; *see also Halkin v. VeriFone Inc., (VeriFone Secs. Litig.*), 11 F.3d 865, 872 (9th Cir. 1993) (affirming the district court's dismissal of an action with prejudice where plaintiffs failed to "point to facts which might be added to save their complaint").

**AFFIRMED.**