

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN DARIO GARCIA, Jr., | No. 19-56128 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01525-JLS-RBM |
| v. | |
| K. SEELEY, D.O.; E. A. CANLAS, Medical Doctor; R. CLARKE; P. NEWTON, M.D.; A. DENBELA; JODIE RIVERA, Medical Department Inmate Appeals Coordinator; M. GLYNN, Inmate Medical Provider and Reviewer of Medical and Inmate Appeal Decisions; R. COBB; R. OLSON, Inmate Appeals Coordinator; J. RAMIREZ, Inmate Appeals Coordinator; R. WALKER, D.O.; PAMELA VELARDI, Medical Services Provider; R. SCHARFFENBERG, M.D.; I. SEDIGHI, Medical Provider; L. MERITT, Medical Service Provider; L. SHEPPARD, Medical Services Provider; E. WORMAN; JOHN AND JANE DOES, Employed in Different Post Assignments, Medical Service Providers; Appeals Coordinator Staff; and Medical Health Service Provider, | MEMORANDUM* |
| Defendants-Appellees, | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

M. MARTINEZ,

Defendant.

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted May 3, 2021[**]
San Francisco, California

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

California state prisoner Ruben Garcia appeals the district court's summary judgment in favor of various medical staff members at the Richard J. Donovan Correctional Facility ("RJD"). He also appeals many of the district court's earlier orders, including its orders partially granting judgment on the pleadings and motions to dismiss in favor of appeals and grievance personnel at RJD and medical staff at another prison. We affirm.

The district court properly granted judgment on the pleadings and dismissed Garcia's Eighth Amendment deliberate indifference and Fourteenth Amendment procedural due process claims. *See* Fed. R. Civ. P. 12(b)(6) & (c). Garcia did not

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

plausibly allege deliberate indifference to his serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057–58, 1060 (9th Cir. 2004). His allegations showed no more than a difference of opinion between himself and prison medical staff about the appropriate way to treat his pain stemming from carpal tunnel syndrome. *See id*. at 1058. Likewise, Garcia did not plausibly allege violation of his right to due process because prisoners do not have a liberty interest in a particular grievance procedure and the procedures used here were adequate. *See Ramirez v. Galaza*, 334 F.3d 850, 860–61 (9th Cir. 2003); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1062–63 (9th Cir. 2013).

The district court also properly granted judgment on the pleadings and dismissed Garcia's First Amendment retaliation and 42 U.S.C. § 1983 conspiracy claims against prison grievance and appeals personnel. *See* Fed. R. Civ. P. 12(b)(6) & (c). Garcia's allegations did not show that responses to his complaints were in any way intended to inhibit his First Amendment activities, or that anyone conspired to retaliate against him because of those activities. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam). Nor did the district court err by later granting summary judgment for RJD medical staff members on those claims. Garcia did not raise genuine issues of material fact regarding his claims that RJD

medical staff acted with retaliatory motives when they tapered him off pain relief medication and did not prescribe more. *See Rhodes*, 408 F.3d at 567; *see also Wood v. Yordy*, 753 F.3d 899, 904–05 (9th Cir. 2014). Evidence of the proximity in time between Garcia's initiation of a habeas action in state court about his medical care and RJD medical staffs' decision to taper him off of pain relief medication was not by itself sufficient to create a triable issue as to retaliatory motive. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995); *see also Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).

The district court did not abuse its discretion when it dismissed Garcia's claims against M. Martinez for failure to effect timely service when the action had been pending for over four years. *See* Fed. R. Civ. P. 4(m); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995). Further, Garcia had not provided the U.S. Marshal with enough information to serve Martinez, despite several extensions of time to do so. Likewise, it was not an abuse of discretion to deny Garcia's request for an extension of time to file a Second Amended Complaint. *See* Fed. R. Civ. P. 6(b); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010). As the district court indicated, an extension would unfairly "prejudice the Defendants in this action"

because after four years of significant motion practice, the pleading phase was over, discovery was closed, and trial was imminent. *See Tindall v. First Solar Inc.*, 892 F.3d 1043, 1048 (9th Cir. 2018).

We decline to review Garcia's state law claim regarding violation of regulations in Title 15 of the California Code of Regulations because he did not raise it in the district court. *See Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011). We also decline to review Garcia's arguments regarding the magistrate judge's denial of his motions to appoint counsel and expert witnesses because he did not timely raise them before the district judge. *See* Fed. R. Civ. P. 72(a); *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996); *see also Glenbrook Homeowners Ass'n v. Tahoe Reg'l Plan. Agency*, 425 F.3d 611, 619 (9th Cir. 2005).

**AFFIRMED.**